PROVOSTY, J.
The main suit is an executory process, and the appeal is from a judgment sustaining the intervention and third opposition of the Dodge Manufacturing Company. The latter company, on the day of the sale, filed its petition of intervention and third opposition asking for a personal judgment against the defendant, and asking that the machinery seized be appraised and sold separately from the land, and that for the amount of its judgment against the plaintiff it be decreed to have a vendor’s privilege on the machinery, and entitled to be paid in preference out of the proceeds of the sale; and that the sheriff be ordered to hold said • proceeds accordingly.
There not being time to make the separate appraisement, the plaintiff directed the machinery to be omitted, from the sale, and ' this was done.
The date of the Sale was December 19, 1903. On the same day the sheriff returned his writ. On the 26th of the same month the plaintiff wrote to the sheriff, as follows:
“Dear Sir: In the matter of Sevey v. The Chappuis Co. Ltd. No. 1819, so far as the articles upon which the Dodge Mfg. Co. claims a vendor’s lien and privilege, we beg to inform you that all further expenses connected with that matter must be borne by that company. So far as our client is concerned, we desire no keeper kept on the premises and nothing further done unless we specially instruct you so to do.”
On the 2d of January the plaintiff filed the following answer to the petition of intervention and third opposition:
“And now into this honorable court, through undersigned counsel, comes the plaintiff, and to the intervention and third opposition of the Dodge Manufacturing Company, denies all and singular the allegations therein contained.
“Further, answering, this respondent denies that the said Dodge Manufacturing Company ever had any vendor’s lien and privilege on the property described in said intervention and third opposition.
“Further, answering, this respondent says that if any vendor’s privilege ever did exist, which is denied, that same is subordinated to the claim of this plaintiff, because the property described became immovable by destination, and therefore covered by mortgages securing the notes herein sued on ,by him.
*762 “Further, answering, this respondent says that if the said company ever had any vendor’s lien and privilege as alleged, and that same was given to secure the note described in the document dated November 19, 1902, that then, as all of said notes have been paid by the defendant herein, the maker thereof, and the debtor to said Company said vendor’s lien and privilege ceased to exist and the claim of the said company against the defendant, if any, is but an ordinary claim, secured by no privilege whatever. Wherefore,” etc.
On the 19th of January the plaintiff wrote to the sheriff the following letter:
“Dear Sir: Answering yours of January 16th, we beg to state that if you have returned the writ in the matter of Sevey v. the Ohappuis Co. Ltd. of course, that necessarily releases the seizure. As before stated, we have no desire for any further proceedings to be had under the writ.”
When the case was called for trial, the counsel for plaintiff suggested verbally to the court that the property had been released from seizure, and that there was nothing upon which the third opposition could operate, and that therefore the proceeding should be dismissed; and the court made an order accordingly. On appeal, this court set aside the order, on the ground that the proceedings had been irregular,—the cause not having been tried on any plea of record. When the case returned to the lower court the plaintiff filed a formal plea to the same above effect. The sheriff and the defendant each filed a general denial.
On the trial, plaintiff and the sheriff offered to prove that there had been no property under seizure since the 19th of December, 1903, but the evidence was, on objection, ruled out. The sheriff’s bill of costs, however, shows that the keeper was discharged on that date.
The above letters of the plaintiff to the sheriff are not open to any other construction than that the action of the sheriff in releasing the seizure and returning the writ was approved by the plaintiff.
This release of the property carried with it the third opposition. A plaintiff controls his writ and has the right to recall same at any time (Stackhouse v. Zuntz, 41 La. Ann. 419, 6 South. 666); and necessarily all third oppositions claiming the proceeds of the expected sale follow the writ into its untimely grave.
Moreover, seizure, vel non, is a matter of fact, and not a matter of law; and unless the res is under seizure the court cannot proceed to rank the privilege on it. Non constat that by the time the judgment came to be executed the res might not be out of the jurisdiction of the court, so that the court would have been wasting its time ranking privileges upon empty air.
In so far, however, as the personal judgment against the defendant is concerned, it was rendered upon issue joined and after trial, and is therefore valid. Besides, the defendant does not appeal.
It is therefore ordered, adjudged, and decreed that the judgment appealed from beset aside in so far as it affects the sheriff or the plaintiff, or fixes the rank of privileges, and that it be in other respects affirmed. Intervenor and third opponent to pay costs of appeal.