**BLOMENSTIEL v. TRIDICO (WILBERT, Intervener).**

**No. 1204.**

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

Chas. T. Wortham, of Donaldsonville, for appellant.

C. C. Weber, of Donaldsonville, for appellee.

MOUTON, Judge.

Plaintiff, holder and owner of a promissory note secured by chattel mortgage on a sedan automobile, obtained the issuance of a writ of seizure and sale by executory process, under which the auto was seized by Mr. Mire, sheriff of the parish of Ascension, who advertised it to be sold on August 27, 1932, at 11 o'clock a. m.

Joseph T. Wilbert intervened by third opposition in the executory proceedings, claiming that he had a chattel mortgage on the seized auto for $300 with interest and attorney's fees, which primed that of the plaintiff, seizing creditor; and prayed that the sheriff be ordered to retain in his hands out of the proceeds of the sale $300 with interest and attorney's fees and to hold that amount subject to the further order of the court, which was granted as prayed for on the 27th of August, 1932.

It is shown that Judge Wortham, counsel for plaintiff, accepted service of the third opposition about thirty minutes before 11 o'clock, the hour fixed for the sale.

Judge Wortham testifies that a short while prior to the time fixed for the sale, he had a conversation with Mr. Weber, attorney for third opponent, and that he told him he desired to postpone the sale, and not to have it on that day. He says, awhile after he stepped into the hall and heard the sheriff read-

ing the sale, and that he was much surprised; that he "immediately walked up to him and told him I wished the sale postponed"; and that he remembered telling the sheriff that if he wished his instructions in writing he would give them to him.

Judge Wortham was asked the following question by Mr. Weber: "Is it not a fact that you positively refused to give written instructions?" To that question Judge Wortham answered: "Absolutely not. When I made my protest, I told him that all I wanted was time to draw my instructions."

Judge Wortham admits that he told Mr. Weber that he would not recall his writ or release the seizure, but insists that he merely wanted the sale postponed and that he offered the sheriff to draw his instructions in writing to that effect if he was given the time.

Mr. Blum, apparently a disinterested witness, says Judge Wortham made his protest before the sheriff "started" with the sale, saying that he controlled the writ.

Mr. Mire, the sheriff, says, after he had made Mr. Blum's sale, he asked Judge Wortham if he would furnish him with a written statement releasing the sale, that Judge Wortham refused, and that he then began to call the sale. The sheriff was asked, as it appears in his foregoing statement, as to whether Judge Wortham would give him a written statement to release the sale. Mr. Weber in his testimony says he told Judge Wortham, "I have no objection calling the sale off," that then Judge Wortham walked to where the sheriff was reading the documents, and that he then asked Judge Wortham if he would "furnish the sheriff with an order recalling the sale and releasing the seizure"; that Judge Wortham said: "No, I just want to stop the sale—postpone it."

Mr. Weber answered him, according to his testimony, as follows: "You can't do that, you have no authority to do that." Being recalled as a witness, Mr. Weber says, on this subject, that Judge Wortham "positively refused to give any instructions in writing whatever, releasing the seizure or recalling the writ."

Judge Wortham admits that he refused to give any instructions to recall the writ or release the seizure, but he is positive that he told the sheriff he wanted to postpone the sale and if given the time would give him written instructions for its postponement.

The statements of Mr. Weber and the sheriff, hereinabove referred to, show that the instructions which the sheriff demanded were for the recall of the writ and the release of the seizure which Judge Wortham refused to give, as he frankly admits.

He, no doubt, would have given written instructions to the sheriff to postpone or defer the sale to a later day, but was not given that opportunity by the sheriff who proceeded with the sale in spite of Judge Wortham's protestations.

In the case of Stackhouse v. Zuntz, 41 La. Ann. 415, 6 So. 666, the court, in referring to a writ unduly returned by the sheriff when it had been issued in executory proceedings, said:

"The sheriff cannot deprive the seizing creditor of any of his rights under it [the writ], no more than he could divest him of his rights under the executory process decree. Both are his property."

These are strong words which show that the seizing creditor has absolute control over the writ when issued in a case of this character.

In a more recent case, Sevey v. Chappuis, 116 La. 759, 41 So. 62, which was a suit in executory process, the court had this to say:

"The seizing creditor has the right to cause the seizure to be released and the writ returned at any time; and where he does so, all third oppositions claiming the proceeds of the expected sale fall with the writ."

As the seizing creditor has such complete control over the writ, and can release the seizure at any time, there can hardly be any doubt that instead of releasing the seizure or recalling the writ, he has the power and the right to postpone the sale to a later date and have the property readvertised for sale. Such a delay might save the property from being sacrificed which would be to the advantage of the seizing creditor and the debtor.

The third opponent could exercise no power over the writ. His demand, as shown, by the prayer of his petition, was to have the sheriff ordered to retain in his hands an amount from the proceeds of the expected sale sufficient to pay his claim. He had nothing to do with the seizure or the sale which was to be effected by the sheriff under the direction of the seizing creditor, who had the right to postpone the sale.

The sheriff having refused to give the time to the seizing creditor to draw his instructions to delay or defer the sale, he acted without authority in making the sale of the sedan automobile, and which was therefore illegal and null.

It is contended by third opponent that as plaintiff was a bidder at the sale, he is estopped from contesting its validity. The proof shows clearly that plaintiff submitted a bid after distinctly and repeatedly protesting against the sale by the sheriff. Having so protested before bidding, plaintiff is not estopped from urging the nullity of the sale.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed; that the sale of the Chrysler sedan automobile under

seizure to Joseph T. Wilbert, as set forth in the sheriff's return and process verbal, be annulled and set aside; and that said automobile be sold in accordance with law; that the third opposition be dismissed, at the cost of third opponent in both courts.