Bond v. Weber.

WM. H. BOND, v. WILHELMINE WEBER.

AMERCEMENT; *Rule Imperative.* Sec. 472 of the code, which provides for
the amercement of sheriffs, is imperative in its terms, and grants no
discretion to the court. Being summary and penal in its nature, a
party who asks relief under it must bring his case *clearly and strictly*
within its terms. When he has done so, it is the duty of the court
to amerce the sheriff, whether his omission result from willful wrong,
or mere neglect, and whether such omission has resulted in actual in-
jury or not.

*Error from Leavenworth District Court.*

BOND, as sheriff, at the September Term 1875 of the dis-
trict court, was amerced in the amount of an execution held
by him, for failure to return said writ on or before the return-
day thereof. From such order and judgment of amercement
he appeals, and brings the question here for review. All the
facts and proceedings are stated in the opinion.

*J. W. English,* for plaintiff in error.
*Clough & Wheat,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On the 20th of May 1875, defendant in
error, in the district court of Leavenworth county, recovered
judgment against the Westchester Fire Insurance Company,
for the sum of $150, and her costs in that behalf expended.
On the 3d of July 1875, a writ of execution of that date was
issued on said judgment, directed to the sheriff of said county,
to execute against the property of said company, returnable
in sixty days from that date, which execution was by William
H. Bond, sheriff of said county, received on the 5th of said
July. Bond never returned that he had levied or made the
amount of the debt, damages and costs, or any part thereof;
nor did he return the execution to that court on or before the
return-day thereof, but on the contrary made a return to the
effect that an appeal-bond had been filed, when nothing of

that kind had been done, and returned said execution on the 4th of September 1875, being more than sixty days after the date thereof—that is, said return was made on the third day after the return-day of said execution. Mrs. Weber thereupon gave the notice and made the motion to amerce said Bond, required and provided for by § 472 of the code. The sheriff, on the hearing of said motion offered his affidavit, alleging that he made the return in respect to the filing of an appeal-bond through mistake, from information received from the attorney of the defendant; that as a matter of fact the defendant had no property within the county, and asking leave to amend the return to show these facts, and also alleging that the failure to make return within sixty days was owing to his mistaking the date of his receipt of the execution, and that he had no intention of withholding the same. The court sustained the motion to amerce, and the sheriff now alleges error. His counsel says in his brief: "This case involves merely a consideration of the statute of Kansas for the amercement of the sheriff—whether it is imperative, or discretionary with the court." Accepting that as a fair statement of the case, we must answer that the statute is imperative, and not granting a discretion. The statute reads—

"Sec. 469. The sheriff * * * to whom any writ of execution shall be directed, *shall return such writ* * * * within sixty days from the date thereof." (Gen. Stat. 220.)

Sec. 472, on the next page, reads—

"If any sheriff * * * shall neglect to return any writ of execution to the proper court on or before the return-day thereof, * * * such sheriff * * * *shall*, on motion in court, and two days' notice in writing, be amerced in the amount of said debt," etc.

If we give to this language its ordinary meaning, there can be but one conclusion. It is not that he *may* be amerced, but that he *shall be*. The duty of returning the execution within sixty days, is expressly cast upon him; and a failure to perform that duty as expressly subjects him to amercement. The terms of the statute imply no discretion. The command is positive and peremptory. The amercement is

not in compensation, and to be measured by the extent of the injury, but a penalty for neglect of duty, and of definite and fixed amount. Such were the views held in Ohio from which state we took this statute. In *Duncan v. Drakely*, 10 Ohio, 46, the court says: "In proceedings under the statute authorizing the amercement of an officer, great strictness is required, and he who would avail himself of the remedy therein provided must bring himself both within the letter and spirit of the law. It is right that it should be so, because the remedy is summary, and in its consequences highly penal. There is no trial by jury, and but little, if any, discretion left to the court." And again, after enumerating the cases in which an amercement may be had, it adds: "While in an action at common law, a plaintiff in any of these cases would recover only the damages actually sustained, by seeking his remedy under this statute he is sure to recover, if he recover at all, the full amount of the debt, with the additional penalty. The object of the law is undoubtedly, to induce fidelity on the part of a sheriff, but if carried into execution, it sometimes operates very severely." So also, in *Moore v. McClief*, 16 Ohio St. 50, the court uses this language: "The plaintiff's right to demand a judgment of amercement, in this case, can rest on no equitable ground, for the neglect of official duty of which she complains has done her no injury. The execution-debtor was wholly insolvent when judgment was recovered against him, and has continued to be so ever since. Her rights then are purely statutory. And if she makes a clear case for amercement under the statute, it is no defense against her claim that she had not been damnified. The statute under which she proceeds is of a penal character; it affords a summary remedy, without trial by jury, for official delinquency; and, without regard to the amount of damages resulting in fact from such delinquency, it leaves no discretion to the court as to the amount of the judgment to be rendered against the delinquent officer." That the sheriff by his conduct in this case brought himself clearly within the terms of the statute, is unquestioned. His counsel sug-

gest nothing to the contrary, and we see nothing. True, no intentional wrong is shown; but it is *neglect*, which the statute reaches and punishes, and though it seems harsh and rigorous to impose the penalty, yet there is the statute. *Ita lex scripta est.* Its language is plain. Its meaning had been declared by the courts long before Kansas was a state. It grants no discretion. And it is as binding upon us as is any other command of the legislature.

The judgment must be affirmed.

All the Justices concurring.