No. 35,840

LAWRENCE R. BROOKS, *Appellant*, v. GEORGE L. MARQUESS, *Defendant*, ALBERT BERTRAND, as Sheriff, etc., *Appellee*.

(139 P. 2d 395)

Opinion filed July 10, 1943.

*William Keith*, of Wichita, argued the cause for the appellant.

*Samuel E. Bartlett*, of Wichita, argued the cause, and *Robert C. Foulston*, *George Siefkin*, *George B. Powers*, *John F. Eberhardt* and *C. H. Morris*, all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was a proceeding to amerce the sheriff of Sedgwick county for his refusal to levy on certain residence property in Wichita to satisfy a money judgment in favor of plaintiff and against Marquess, judgment debtor and owner of the property.

The chief ground for the sheriff's refusal was that the judgment debtor claimed the property was his homestead.

The motion to amerce the sheriff recited the pertinent facts. Plaintiff had recovered a money judgment against Marquess in the sum of $870.90, with interest and costs. Thereafter plaintiff filed a praecipe for an execution against the property of Marquess. An "N. B." to the praecipe read:

"N. B. Direct the Sheriff to sell Lots 38 and 40 on Erie Street in Spangenberger's Subdivision of Lot 4, Block 2 in Richland's Second Addition to the City of Wichita, Kansas, subject to all prior enforcible liens."

The clerk of the district court issued the execution with the "N. B." recital appended thereto. When this writ was delivered to the sheriff, the defendant protested against any levy on the described real estate. He also presented to the sheriff his affidavit alleging its homestead character and claiming its consequent exemption from execution process. Apparently there was no other property belonging to the judgment debtor within the sheriff's bailiwick, and he returned the writ with his recital "nothing found."

Hence this motion to amerce the sheriff.

In his answer to the allegations of plaintiff's motion the sheriff alleged that when the writ came into his hands for execution defendant claimed the property sought to be levied upon was his homestead and that he had not released it and did not intend to do so; that he, the sheriff, had so informed plaintiff's attorney and requested that a bond be given him to protect him against damages if the levy should turn out to be unlawful but that plaintiff and his attorney declined to give such bond; and—

"That the said real estate was at all times herein mentioned and still is occupied by the said defendant as his homestead and is wholly exempt from levy and sale on said execution, and this sheriff would have incurred unnecessary and unwarranted expense and damages for which he would have been liable and would have incurred liabilities in case he had further undertaken to levy upon and sell the said property under said execution, and that in case he had done so he would have acted wrongfully and in violation of the provisions of section 9 of article 15 of the Constitution of the State of Kansas, and of the provisions of G. S. 1935, 60-3501 et seq."

Plaintiff demurred to the sheriff's answer on the ground that it did not state sufficient facts to constitute a defense or justification for the sheriff's failure to execute the writ.

The trial court withheld its ruling on the demurrer, and directed that the parties proceed with their evidence. At the conclusion of

plaintiff's evidence defendant's demurrer thereto was overruled. Evidence for the defendant followed, and its sufficiency was challenged by demurrer, which in its turn was likewise overruled.

At the conclusion of all the evidence, the matter was argued by counsel and taken under advisement, and later the court made a finding that the property described in the motion to amerce the sheriff was defendant's homestead, and occupied by him as such, and that it was exempt from execution—

"And that the sheriff in the acceptance of the affidavit (introduced in evidence) and the return of the writ of execution substantially complied with section 60-3502 of the General Statutes of Kansas of 1935, and that the motion to amerce the sheriff should be overruled."

Judgment was entered accordingly and plaintiff appeals.

He first cites the statutory provision for the amercement of the sheriff for his refusal or neglect to execute a writ of execution (G. S. 1935, 60-3429), but that paragraph is not all the pertinent law on the subject. The constitution, article 15, section 9, and G. S. 1935, 60-3501, provide that the residence of the family of the owner is exempted from forced sale, subject to exceptions not here pertinent. And the pertinent statute gives a judgment debtor threatened with execution process the privilege of notifying the officer holding the writ, at any time before the sale, as to what property he regards as his homestead, with a description thereof, and the process shall not reach it, and only whatever other property the judgment debtor may have shall be subject to execution sale. (G. S. 1935, 60-3502; *Ard v. Pratt*, 61 Kan. 775, 60 Pac. 1048; *First Nat'l Bank v. Tyler*, 130 Kan. 308, 286 Pac. 400.)

In 57 C. J. 1048 it is said that as a defense to a motion to amerce the sheriff for his failure to execute the writ, it is competent to show that the property was not subject to levy and sale to satisfy the writ.

In 11 R. C. L. 549, 550, it is said:

"If the debtor's property does not exceed in value the amount exempted, a selection is not required; for in such case the statute attaches the exemption as absolutely and unconditionally as if the particular property was specially designated and declared exempt. Hence it is well established that no selection, as distinguished from a claim of exemption, by the debtor, is necessary to render the officer liable for levying on part or all of the property, where the debtor does not own property in excess of the number of chattels or the amount in value allowed him by law as exempt."

It is therefore quite clear that by statute and by judicial precedent

the motion to amerce the sheriff was properly denied if the property which plaintiff sought to have subjected to execution was the homestead of the judgment debtor.

On the evidence adduced the trial court found that to be the fact. Indeed there was no substantial dispute as to the facts. The judgment debtor and his first wife and their son (and other relatives) had their home in the property concerned for many years. His occupation was that of an oil producer. That calling necessitated frequent absences from his home for considerable intervals of time—to Texas, Oklahoma, New York and elsewhere. In time his son grew up and left home; the other relatives who enjoyed its protection scattered until eventually there was only the judgment debtor and his wife to constitute the family. In later years she usually accompanied him on his extended absences from home, but they kept the home furnished and returned to it occasionally. The judgment debtor registered and voted in Wichita at the general elections, and maintained his membership in a Wichita Masonic lodge. He never established a home elsewhere. In 1940 his wife died while he and she were temporarily living in Houston, Texas, and she was buried there. After her death, the judgment debtor came to Wichita infrequently and only for short intervals, but when he did he stayed in his own home. About fourteen months after his first wife's death, he remarried and he and his second wife came to their home in Wichita for a short time, but since then he has continued to follow his vocation as an oil producer, and his wife usually accompanies him in his sojourns from home. The writ which the sheriff declined to execute on the Wichita home was issued during the debtor's widowerhood, and it is plaintiff's contention that his home was not exempt from forced sale to pay his debts during that interval—in short, that he alone did not constitute a family entitled to the exemption of the homestead from execution sale.

This contention is erroneous. This court has been over this subject time and again and there is no necessity to write another dissertation on it. Once the homestead character attaches to it by reason of its occupancy by the family of the owner, that character abides with it until the last member of the family forsakes it with the intention not to return. It is immaterial that some courts in other jurisdictions have reached a different conclusion. It is likewise immaterial that 40 years ago one decision of our

own (*Ellinger v. Thomas,* 64 Kan. 180, 67 Pac. 529) so held. That ill-reasoned decision was squarely overruled in *Weaver v. Bank,* 76 Kan. 540, 94 Pac. 273. And this later decision has been cited and followed consistently since its rendition 36 years ago. (*Shattuck v. Weaver,* 80 Kan. 82, 101 Pac. 649; *Sawin v. Osborn,* 87 Kan. 828, 126 Pac. 1074; *Watson v. Watson,* 106 Kan. 693, 189 Pac. 949; *In re Estate of Dittemore,* 152 Kan. 574, 106 P. 2d 1056 and citations.)

On the evidence and on the pertinent law the judgment of the trial court was eminently correct.

Noting briefly the comments of counsel for plaintiff on the duty of a Kansas sheriff to execute and return lawful process as directed by the court, we have shown that the statute gives the judgment debtor the right to notify the sheriff that he claims the property threatened with the levy is his homestead—which right, when timely exercised, nullifies for the time being the recitals of the writ of execution. Such is the declaration of the statute (G. S. 1935, 60-3502), and it is useless to fulminate against it. If the debtor had not so notified the sheriff and the officer had sold the property the sale might nevertheless have been nullified or set aside by injunction or other appropriate remedy. (*Pefly v. Reynolds, Sheriff,* 115 Kan. 105, 222 Pac. 121.) See, also, *Jones v. Simmons, Sheriff,* 115 Kan. 505, 223 Pac. 284. It is, of course, true that the sheriff does not have judicial functions to perform; but he is nevertheless the county's most important official functionary (*State v. McCarty,* 104 Kan. 301, 305, 179 Pac. 309, 3 A. L. R. 1283), and the proper discharge of his duties calls for the exercise of good judgment and discretion. In the instant case he did not fail in this respect.

The judgment is affirmed.