No. 37,307

LEONARD PEAVLER, by his next friend, Margaret Peavler, *Appellant,*
v. THE WICHITA TRANSPORTATION COMPANY, *Appellee.*

(202 P. 2d 191)

Opinion filed January 22, 1949.

*Joe T. Rogers,* of Wichita, argued the cause, and *Roy L. Rogers,* of Wichita, was with him on the briefs for the appellant.

*L. M. Kagey,* of Wichita, argued the cause, and *George Siefkin, Andrew F. Schoeppel, Samuel Bartlett, George B. Powers, John F. Eberhardt,* and *Max L. Hamilton,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages instituted by a minor by his mother as next friend. Plaintiff was at that time about ten years old. Judgment was entered in favor of the plaintiff for $2,000. The defendant paid the amount of the judgment to the clerk of the district court on May 5, 1944, and on the same date the clerk paid the amount to the mother of plaintiff, his next friend. This appeal arises from an order of the district court sustaining a demurrer to a motion filed in the action for damages by the plaintiff's guardian to amerce the clerk in the amount of the payment to the next friend.

Margaret Peavler was the natural guardian of Leonard Peavler, a minor, but had not been appointed pursuant to G. S. 1945 Supp., 59-1802. On August 13, 1947, Everett Peavler was appointed and qualified as guardian of the estate of Leonard Peavler, a minor, and began acting as such. On the same day, he, as guardian of Leonard Peavler, made demand upon the clerk of the district court for the payment of the amount of judgment to him as guardian. Payment was refused by the clerk, whereupon he, as guardian, filed a motion that the clerk be required to pay $2,000 to him as guardian of Leonard Peavler, the minor. The motion sets out the facts about

as they have been detailed above and further that the delivery of the amount of the judgment to Margaret Peavler was without authority in that she was not guardian of the estate of Leonard Peavler and the clerk was without authority to deliver it to her. All four judges of the district court of Sedgwick county disqualified themselves to hear the motion and Honorable Dean McElhenny of Shawnee county was appointed by the chief justice of this court to hear it.

The clerk of the court filed a demurrer to the motion and a motion to strike it on the grounds the court had no jurisdiction of the subject matter; that Everett Peavler had no legal capacity to sue; and that it did not state facts sufficient to entitle him to the relief sought against L. D. Leland, the clerk. Later an amended answer and motion to strike was filed on the ground the motion showed on its face it was barred by the statute of limitations. The court sustained the demurrer and motion to strike—hence this appeal.

It states the circumstances of the payment and prays that the clerk be ordered to pay the amount to an authorized person notwithstanding the payment already made. Perhaps here a short statement outside the record will enable the reader to better understand the situation. Everett and Margaret Peavler, parents of Leonard Peavler, had been involved in marital difficulties. At the time the action for damages was brought and judgment entered and the amount of it paid to her, custody of Leonard had been awarded to her. She had not, as the motion alleged, however, been appointed his guardian. Sometime later the custody of Leonard was awarded to Everett. He immediately caused himself to be appointed guardian of the estate of Leonard and filed this motion.

The motion does not use the word "amerce." Appellant, however, states it was brought pursuant to G. S. 1935, 60-3429, which reads as follows:

"If any sheriff or other officer . . . shall refuse or neglect on demand to pay over to the plaintiff, his agent or attorney of record, all moneys by him collected or received for the use of said party, at any time after collecting or receiving the same; or shall neglect or refuse on demand made by the defendant, his agent or attorney of record, to pay over all moneys by him received for any sale made beyond what is sufficient to satisfy the writ or writs of execution, with interest and legal costs, such sheriff or other officer shall on motion in court, and two days' notice thereof in writing, be amerced in the amount of said debt, damages and costs, with ten percent thereon, to and for the use of said plaintiff or defendant, as the case may be."

And G. S. 1935, 60-3430, which reads as follows:

"If any clerk of a court shall neglect or refuse on demand made by the person entitled thereto, his agent or attorney of record, to pay over all money by him received in his official capacity for the use of such person, every such clerk may be amerced, and the proceedings against him and his sureties shall be the same as provided for in the foregoing section against sheriffs and their sureties."

Our attention is also called to G. S. 1935, 60-3431, which reads as follows:

"When the cause of amercement is for refusing to pay over money collected as aforesaid, the said sheriff or other officer shall not be amerced in a greater sum than the amount so withheld, with ten percent thereon."

We also note G. S. 1935, 60-3806, which provides, as follows:

"When there is no execution outstanding, the clerk of the court in which the judgment was rendered may receive the amount of the judgment and costs, and receipt therefor, with the same effect as if the same had been paid to the sheriff on an execution; and the clerk shall be liable to be amerced for refusing to pay the same to the party entitled thereto, when requested, and shall also be liable on his official bond."

Actually what was done here at the time the judgment was paid by the defendant was pursuant to the first provision of the foregoing section, that is, no execution was outstanding. The amount of the judgment was paid to the clerk and the clerk receipted for it. The point is the appellant here argues he should not have paid this amount to Margaret, the next friend in whose name the action was brought, because she was not the plaintiff's guardian and a payment to her was not a payment to a party entitled thereto as the statutes all provide. Actually the amount paid to the clerk has been paid out once by him regardless of who was benefited by it. To allow this motion to amerce would be to cause the clerk to pay this amount twice, no matter for whose benefit. We need not decide whether this would be proper, however, in view of the conclusions at which we arrived on the question of whether the motion was filed in time.

It will be noted this money was paid to the next friend of plaintiff on May 5, 1940. This motion to amerce was filed on the 19th day of August, 1947. The clerk asked that this demurrer to the motion to amerce be sustained on the ground, among others, that it showed on its face it was barred by the statute of limitations. The statute in point is G. S. 1935, 60-306, which provides, in part, as follows:

"Civil actions, other than for the recovery of real property, can only be

brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . .

"Fourth. Within one year: . . . an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

Our attention is also called to G. S. 1935, 60-307, which provides, as follows:

"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or a forfeiture, be at the time the cause of action accrued under any legal disability, every such person shall be entitled to bring such action within one year after such disability shall be removed."

It will be noted that in a case of a person under a disability such as a minor, he has a year after the disability shall be removed to bring an action except for the recovery of real property or for a penalty or forfeiture. The outcome of this appeal depends upon whether the motion to amerce the clerk for refusing to pay money to Everett Peavler, the guardian, is for a penalty. Counsel for the appellant concedes that in the case of a sheriff such an action is for a penalty because of the provisions of G. S. 1935, 60-3815, providing for amercement in a sum not exceeding $1,000, regardless of the amount involved, and even though no money was actually wrongfully paid out by the sheriff. He argues here, however, that the proceedings against the clerk are really compensatory only, for the money actually due, hence not a penalty. We pass by the question whether the provision for the ten percent besides the money actually paid out would constitute the action one for a penalty and choose to deal with the proposition on the basis that the amercement in and of itself is a penal proceeding. (See *Bond v. Weber*, 17 Kan. 410.) There in speaking of amercement of a sheriff we quoted from the Ohio case and said:

"The statute under which she proceeds is of a penal character; it affords a summary remedy, without trial by jury, for official delinquency; and, without regard to the amount of damages resulting in fact from such delinquency, it leaves no discretion to the court as to the amount of the judgment to be rendered against the delinquent officer." (p. 412.)

In *Riffel v. Konecny*, 149 Kan. 533, 88 P. 2d 1077, we were again speaking of a proceeding to amerce a sheriff. We held:

"The amercement statute is highly penal in its character and a party exacting the penalty thereunder must bring himself strictly within both the letter and the spirit of the law." (Syl. ¶ 2.)

(See, also, *Reese v. Rice,* 1 Kan. App. 311; *Bond v. Weber,* supra; and *Fuller v. Wells,* 42 Kan. 551, 22 Pac. 561. Also, 2 Words and Phrases 333, 1 Bouvier's Law Dictionary [8th ed. 1914] 187, 3 C. J. S. Amercement, p. 1044.)

It is true most of these authorities are proceedings against a sheriff. However, the decisions turned in a large measure upon the summary nature of the proceedings, that only two days' notice must be given; that the party sought to be amerced was not entitled to a jury trial; and the fact that the party bringing amercement proceedings need not show he was damaged. We hold that the one-year statute of limitations applies and the demurrer was properly sustained.

The judgment of the trial court is affirmed.