No. 38,980

BERT KIRKPATRICK, *Appellant,* v. (A. W. AULT, *Defendant*), PAUL L. SMITH, as Sheriff of McPherson County, *Appellee.*

(258 P. 2d 262)

Opinion filed June 6, 1953.

*Archie T. MacDonald,* of McPherson, argued the cause, and *Russ B. Anderson,* of McPherson, was with him on the briefs for the appellant.

*John K. Bremyer,* of McPherson, argued the cause, and was on the briefs for Paul L. Smith as sheriff and appellee.

*James L. Galle,* of McPherson, argued the cause, and *H. L. Smither,* of Salina, was with him on the briefs for A. W. Ault, appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order and judgment of the district court overruling a motion to amerce the sheriff of McPherson county for failure to make a levy on lands and tenements of a judgment debtor under a writ of execution.

Notwithstanding cavils to the contrary there can be no question in this case respecting what was before the trial court at the time

it made the decision now presented for appellant review. Therefore, based on what we have been able to glean from their respective abstracts, including references to the files and records of the district court action giving rise to the controversy which must be regarded as evidence by reason of their having so stipulated, we shall relate our version of matters on which the rights of the parties must stand or fall in the form we deem best suited to insure a proper understanding of the issues involved.

The record discloses that on July 6, 1943, in Case No. 10329 of the District Court of McPherson County, Bert Kirkpatrick, as plaintiff, recovered a personal judgment against A. W. Ault, the sole defendant therein, for the sum of $3,723.04 with interest at the rate of six percent and costs of the action. Execution was issued on this judgment on July 23, 1943, with a return showing collection of $300.00 for the sale of personal property, remainder of the judgment unsatisfied. Later another execution was issued and returned unsatisfied on November 8, 1944. Thereafter a third execution, bearing the same date, was issued which resulted in the sale of a quantity of oil field pipe. This sale was later set aside and held null and void. A fourth execution, also issued on November 8, 1944, was returned unsatisfied on January 25, 1945. Subsequently, a fifth execution was issued on August 23, 1949, and returned unsatisfied three days later. Some, if not all, of these executions were returned marked "no goods" and "no property found." On February 6, 1952, $108.80 was paid into court on the judgment under circumstances not here disclosed. Prior to that date $13.03 had also been paid on the judgment as a result of a garnishment proceeding.

The record further discloses that on June 27, 1952, a sixth execution, the one giving rise to this controversy, was issued and delivered to Paul L. Smith, the then sheriff of McPherson county, and one of the appellees herein. This execution, which failed to take into account any of the payments made on the judgment, directed the sheriff to levy on Ault's property for the sum of $3,723.04 with interest at six percent from the date of the judgment and the further sum (naming it) of the costs of the action. It was accompanied by a note from the judgment creditor directing the sheriff, in the event he found no personal property subject to execution, to levy upon the undivided one-half interest of Ault in a seven acre tract of real estate (describing it) located in the city of McPherson, except one acre thereof to be selected by the judgment debtor as a homestead.

It appears that after receipt of the execution last mentioned the sheriff undertook to make a levy under its terms and, in attempting to do so, made some search and inquiry respecting property belonging to the judgment debtor. In any event he returned this execution on July 5, 1952, with the following return endorsed thereon:

"July 5, 1952, 'No goods'; and thereupon I did forthwith proceed to levy upon the lands and tenements of said debtor and was informed by A. T. Mac-Donald, attorney for creditor, that debtor owned an undivided one-half interest in a tract located in the northwest quarter of 28-19-3, McPherson County, Kansas. Debtor denied any ownership in said property and on checking the records in the office of the register of deeds I determined that said title was questionable and refused to proceed without bond which creditor refuses to furnish. I therefore return this writ."

Immediately after the return of such execution in form as just indicated Kirkpatrick filed a motion in district court to amerce Smith as sheriff. He attached a copy of the execution and the return to his motion and, after making them a part thereof, stated Ault was the owner of an undivided one-half interest in a seven acre tract of real estate (describing it) located in the city of McPherson; charged that Smith as sheriff had failed, neglected, and refused to make a levy upon that property under such execution; and prayed that the court make an order amercing him for the amount of the judgment, interest, and costs in accord with the laws of the state of Kansas.

Thereafter, and on the same date, namely, July 5, 1952, the sheriff having waived the two days' written notice provided for by the amercement statute (G. S. 1949, 60-3429) the cause came on for hearing before the district court, without additional pleadings by either party. On this hearing Kirkpatrick introduced in evidence two instruments which were identified as Exhibits 1 and 2. Exhibit 1 was a copy of a general warranty deed made and executed by ten members of the Barrett family, dated February 8, 1943, with acknowledgments dating from February 11, 1943, to February 16, 1943, and an endorsement showing the instrument had been recorded in the office of the register of deeds of McPherson county on April 17, 1943, conveying title to the real estate in question to Margaret Ann Ault and Alfred W. Ault for a stated consideration of $4,500. Exhibit 2 was a copy of an instrument titled "Correction Deed," bearing date of February 8, 1943. It was made and executed by the same grantors named in the warranty deed, acknowledged by them on dates ranging from August 2, 1943, to August 21, 1943, and

disclosed that it had been filed for record in the office of the register of deeds of McPherson county on December 27, 1943. This instrument, stating that the Barretts were parties of the first part and Margaret Ann Ault party of the second part, contained the following recitals:

"WHEREAS, the said parties of the first part did, on or about the 8th day of February, 1943, execute to the party of the second part, under whom the party of the second part claims for the consideration therein mentioned, a conveyance of certain lands situated in McPherson County, Kansas, and hereinafter more particularly described, which said conveyance is recorded in the office of the Register of Deeds of the County of McPherson, in Book 113 of Deeds, page 246 of the records of said office, and

"WHEREAS, in said conveyance by mistake the words Margaret Ann Ault and Alfred W. Ault were written instead of the words Margaret Ann Ault, and

"WHEREAS, to prevent difficulties hereafter it is expedient to correct said errors.

"Now THEREFORE, THIS INDENTURE WITNESSETH, that the said parties of the first part, in consideration of the premises and of One ($1.00) Dollar, to them paid by the party of the second part hereby grants, conveys, releases and confirms unto the said party of the second part, her heirs and assigns . . ."

Following introduction of the foregoing Exhibits the parties stipulated they were true copies of the deeds as of record and that there were no other instruments of record affecting the title to the property in question except a mortgage to a loan association; that such property was situated within the boundaries of the city of McPherson; that Ault and his wife were entitled to select a one acre homestead therein; and, as has been heretofore indicated, that the pertinent and material facts of the files and records in the case of *Kirkpatrick v. Ault,* No. 10329, were to be considered as introduced in evidence.

Thereupon, Kirkpatrick having announced he had no further evidence to offer and the sheriff and Ault having stated they desired to offer no evidence whatsoever, the case was submitted to the court, upon the motion to amerce, the stipulation of the parties and the evidence to which we have heretofore related, which took the cause under advisement and, in due time, rendered its judgment and decision in writing. Omitting preliminary portions, which we deem of no importance in disposing of the cause, such judgment and decree reads:

"That the Sheriff, Paul Smith, is and was at the time of the filing of plaintiff's praecipe for execution in said cause, the duly appointed, qualified, and acting Sheriff of McPherson County, Kansas; that on June 27, 1952, an execution was levied on said judgment which was returned on July 5, 1952, by said

Sheriff marked 'no goods found,' and with the further notation that the debtor denied any ownership of the tract in the Northwest Quarter (NW¼) of 24-19-3, McPherson County; that the Sheriff had checked the records in the office of the Register of Deeds and determined that the title was questionable and refused to proceed without bond, which creditor refused to furnish.

"The Court further finds that the sole title to said real estate was claimed by Margaret Ann Ault, wife of the defendant, A. W. Ault, and that the title of said defendant was doubtful as between the said Margaret Ann Ault and A. W. Ault, defendant in said action; that by reason thereof, the Sheriff, before levying execution upon the said real property, was justified in requiring an indemnity bond from the plaintiff, under R. S. 60-3410, (sic) which applies to real estate as well as personal property.

"That upon the evidence and stipulations as made and entered into herein by the parties, the Court finds that the motion of the plaintiff to amerce the Sheriff should be overruled.

"IT IS THEREFORE, BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that the motion of the plaintiff herein to amerce the Sheriff, Paul Smith, should be and hereby is overruled."

Shortly after rendition of the foregoing decision Kirkpatrick perfected the instant appeal in which, under proper specifications of error, he charges that the trial court erred (1) in holding R. S. 60-3410 (sic) G. S. 1949, 60-3410, authorized the sheriff to require an indemnity bond of a creditor levying upon real estate and (2) in overruling his motion to amerce, because the judgment was contrary to the evidence in that it established that Ault owned an undivided one-half interest in the property sought to be levied upon, which was subject to levy under execution.

We have little difficulty in concluding the specific reason assigned by the trial court in the judgment as the basis for overruling the motion to amerce is not warranted by the provisions of 60-3410, supra, which merely provide, without reference to real estate, that a sheriff, presented with an execution and requested to levy on goods and chattels, the title to which is claimed by another, as the property of the judgment debtor may before making such levy, require the plaintiff to give him an indemnity bond. If the legislature had intended this particular section of the statute to apply to real estate it could have easily said so, either by using the words "real estate" in conjunction with the term "goods and chattels" or by the elimination of the latter phrase and use of the more general term "property." Nor can we agree with appellees that the two decisions (Armstrong v. Grant, 7 Kan. 285; Brooks v. Marquess, 157 Kan. 244, 139 P. 2d 395) on which they rely to sustain their position on this point so hold. In the case first cited the opinion

goes no further than to state that a sheriff is not bound to levy on goods and chattels, where the title to the same is doubtful, unless the judgment creditor gives him an indemnity bond. The second involves an entirely different section of our statute (G. S. 1949, 60-3502) and merely holds that in view of its terms the sheriff properly refrained from, and could not be amerced for, failing to execute a writ of execution after the judgment debtor gave him timely notice that the property sought to be subjected to the execution levy was his homestead.

However, even if the court gave a wrong reason for its decision, it does not follow, as appellant contends, that its judgment must be reversed. Our reports are full of decisions holding that the giving of a wrong reason for a correct decision does not warrant the reversal of a judgment. (See West's Kansas Digest, Appeal & Error, § 854 [2]; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 433.) Moreover, resort to the next of the last paragraph of the decree, heretofore quoted, discloses that in this case the court gave another reason for overruling the appellant's motion. We therefore turn to the second of the two errors assigned as grounds for reversal of the judgment.

In approaching consideration of the question whether the judgment was contrary to the evidence, in that it established the judgment debtor (Ault) was the owner of an undivided one-half interest in the property sought to be levied upon, it is well to recall what the statute required sheriff Smith to do when the execution was issued and delivered to him, as well as the conditions and circumstances under which he could be held liable in the summary proceeding contemplated by the amercement statute.

G. S. 1949, 60-3406, authorizing the issuance of a writ of execution, provides that such writ shall command the officer to whom it is directed, in the absence of goods and chattels, to levy *upon the lands and tenements of the judgment debtor*.

G. S. 1949, 60-3408, requires such officer to proceed immediately to levy upon the goods and chattels of the debtor but if none are found to forthwith levy the writ *upon the lands and tenements of the debtor* which may be liable to satisfy the judgment.

G. S. 1949, 60-3429, the amercement statute, provides in substance that if any sheriff or other officer shall *refuse or neglect* to execute any writ of execution to him directed which has come into his hands, he shall on motion in court, on written notice not here involved, be amerced in the amount of the judgment debt, damages and costs,

with ten percent thereon, to and for the use of the party causing the execution to issue.

Merely to read the foregoing provisions of the statute makes it obvious that it is the sheriff's duty under their terms to levy upon lands and tenements belonging to the judgment debtor, hence that he does not fail in his official duty or refuse or neglect to execute a writ of execution by failing or refusing to make a levy upon lands and tenements belonging to another.

In a further approach to the question now under consideration what has been said and held by this court respecting the amercement statute and the rights, duties and obligations of a complaining party who seeks to hold a sheriff or other officers responsible, under its terms, for refusal or neglect to execute a writ of execution should also be kept in mind.

Early in the history of this court, in *Armstrong v. Grant*, supra, in dealing with phases of the foregoing questions, particularly with reference to failure of a sheriff to execute a writ of execution by levying on real estate, claimed by the judgment creditor to belong to the judgment debtor, we said:

". . . It is undoubtedly the duty of a sheriff to levy on the property of the judgment debtor as soon as he conveniently can after receiving the writ; (Gen. St., p. 714, § 448;) but he is not bound to levy where the judgment debtor has no property subject to an execution; . . . There is always a strong presumption in favor of a public officer that he has performed the duties of his office faithfully; (*Id.*, § 169, and cases there cited;) and if any person should claim that an officer has not performed his duty it will devolve upon such person to affirmatively show it.

". . . The presumption is that the sheriff did his duty, and it devolves upon Grant & Prest (the judgment creditors) to show that he did not. If Hammill had any property that was not exempt from execution it devolved upon Grant & Prest to show it; otherwise it will be presumed that Hammill had no property which was subject to an execution . . ." (pp. 294, 295 and 296.)

Later, but also early in the annals of this court, we had occasion to give further attention to the same subject. In *Bond v. Weber*, 17 Kan. 410, we held that the then existing provisions of our civil code relating to amercement, which we pause to add were practically the same as provisions of the statute herein involved, were summary and penal in nature and that a party who asked relief thereunder must bring his case clearly and strictly within its terms and, while discussing an early Ohio case from which state we took our statute, said:

".  .  .  In *Duncan v. Drakely*, 10 Ohio 46, the court says: 'In proceedings under the statute authorizing the amercement of an officer, great strictness is required, and he who would avail himself of the remedy therein provided must bring himself both within the letter and spirit of the law. It is right that it should be so, because the remedy is summary, and in its consequences highly penal .  .  .'" (p. 412.)

It may be suggested the cases to which we have just referred were decided so long ago that they have been modified or inferentially disapproved by our subsequent and later decisions. Not so. As recent as *Riffel v. Konecny*, 149 Kan. 533, 88 P. 2d 1077, we held:

"The amercement statute is highly penal in its character and a party exacting the penalty thereunder must bring himself strictly within both the letter and the spirit of the law." (Syl. ¶ 2.)

And at page 537 of the opinion said:

".  .  .  The amercement statute, G. S. 1935, 60-3429, is highly penal in its character, and one exacting the penalty thereunder is obliged to bring himself strictly within the letter and the spirit of the law. (*Reese v. Rice*, 1 Kan. App. 311; *Bond v. Weber*, 17 Kan. 410; *Fuller v. Wells*, 42 Kan. 551, 22 Pac. 561.) The presumption is that the sheriff did his duty and it devolved upon appellee to show the contrary. (*Armstrong v. Grant*, 7 Kan. 285, 295.) It was the duty of appellee to clearly show appellant, without just cause, had neglected and refused to sell the wheat; that burden appellee had not met at the time she rested her case, nor did she meet it thereafter. On the contrary, the return disclosed plaintiff (appellee) had sold the wheat.  .  .  ."

Still more recently and in *Peavler v. Wichita Transportation Co.*, 166 Kan. 348, 202 P. 2d 191, although there dealing with amercement proceedings instituted against the clerk of the district court, we referred to the foregoing decisions with approval and adhered to the rules therein announced. Although we are not inclined to write a thesis upon the rights, liabilities and duties of the parties to an amercement proceeding it may be said that the well established rules of this jurisdiction find support in two of our outstanding legal treatises where all phases thereof are discussed and considered. (See 80 C. J. S., Sheriffs and Constables, 401, 413, §§ 173, 176 [f]; 47 Am. Jur., Sheriffs, Police and Constables, 949, 950, 971, §§ 187, 188, 222.)

An analysis of the foregoing decisions makes it clear this court is committed to the rule that in a proceeding to amerce a sheriff, under the provisions of 60-3429, *supra*, the burden is upon the complaining party to establish that the lands and tenements on which that official has refused to make a levy under execution are lands and tenements belonging to the judgment debtor. Reference to the

record in this case, to which we have referred at length for that very reason, convinces us that under all the confronting facts and circumstances, particularly those relating to action and inaction on the part of the parties for the more than eight years' period of time extending from the date of the recording of the "Correction Deed" up to and including the filing of the return on the execution, the trial court properly concluded, and we hold, that the evidence adduced by appellant failed to affirmatively establish that the judgment debtor was the owner of an undivided one-half interest in and to the lands and tenements in question. The result is his claim to the contrary cannot be upheld and the order overruling the motion to amerce the appellee Smith, as sheriff, must be affirmed.

It is so ordered.