No. 33,986

MARY RIFFEL, *Appellee*, v. (J. E. KONECNY, *Defendant*) TOM A. TURNER, as Sheriff of Butler County, *Appellant*.

(88 P. 2d 1077)

Opinion filed April 8, 1939.

*Stanley Taylor* and *Gale Moss,* both of El Dorado, for the appellant.
*L. A. Hasty* and *L. R. Meador,* both of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a proceeding to amerce a sheriff for neglecting and refusing, without just cause, to sell property (wheat crop in shock) of a judgment debtor under a general execution. The judgment creditor prevailed, and the sheriff appeals.

Appellee filed a motion to amerce the sheriff. The substance of the motion was as follows: Appellee, on March 9, 1937, obtained a judgment in the district court of Sedgwick county against J. E. Konecny in the sum of $200. Konecny was a tenant farmer in Butler county and owned a two-thirds interest in a wheat crop of

120 acres. On June 30, 1937, an execution was caused to issue out of the district court of Sedgwick county, commanding the sheriff of Butler county to levy upon and sell goods, chattels or lands and tenements of the judgment debtor. On June 30, 1937, appellant made a good and lawful levy upon Konecny's two-thirds interest in the wheat crop, but refused and neglected, without just cause, to sell the wheat crop, and on July 19, 1937, returned the execution unsatisfied. (Copies of the execution and the sheriff's return were made a part of the motion.)

The sheriff's return was as follows:

"SHERIFF'S RETURN

"Executed the within writ in the county of Butler, state of Kansas, on the 30th day of June, A. D. 1937, by levy on ⅔ interest in wheat crop in shock, comprising 120 acres, more or less, on G. Knowlenberg estate, located in section 18, township 29, range 4, Butler county, Kansas, subject to a mortgage of the Exchange State Bank of Douglass, Kan., No. 5730, dated March 3, 1937, and recorded March 5, 1937, in the sum of $400 for 6 mo's, copy of said execution was delivered to J. E. Konecny, personally at his home in Butler county at 2:30 p. m., June 30, 1937, in the presence of L. R. Meador, attorney for the plaintiff. Whereas, upon advice from the defendant's attorney, stating the entire wheat crop was exempt from execution, demanded an indemnifying bond of the plaintiff which was not filed. The plaintiff, without knowledge or consent of the sheriff, under date of July 7, 8 and 9, 1937, threshed, moved and hauled said wheat to L. D. Brandt's elevator, selling same and receiving therefor the sum of $1,296, including the landowner's interest, and therefore not finding any goods to proceed against, said execution is hereby returned wholly unsatisfied."

On the hearing the plaintiff introduced in evidence the journal entry of judgment against Konecny, the general execution, the sheriff's return and rested. Against that evidence appellant lodged a demurrer, the pertinent ground of which was that the evidence was insufficient to support a judgment in amercement. The demurrer was overruled.

Appellant's answer contained a general denial and it specifically denied he had refused or neglected to sell the wheat crop. The answer further alleged:

" . . . the execution directed to him, as above stated, was handled and served and executed in manner and in form as directed by plaintiff's attorney, Mr. L. R. Meador, being the plaintiff's attorney of record in this action."

The reply of appellee in substance alleged: Appellant was estopped by the statements contained in the return of the execution from asserting plaintiff (appellee) had anything to do with the man-

ner of executing or failing to execute the process of levying and selling the property in question.

It appears the lawmakers contemplated a proceeding in amercement should be had on the motion of the aggrieved party. (G. S. 1935, 60-3429.) No provision is made for issues to be joined by pleadings, and the answer and reply in the instant case may probably be considered as superfluous. Since, however, no error is urged on the ground issues were joined by pleadings, and since the issues argued here are the same as those attempted to be joined by the pleadings, it will be unnecessary to comment further upon that subject.

The real issue raised by the motion to amerce was whether appellant *without just cause* had refused and neglected to sell the wheat. The motion, in part, alleged such failure by the sheriff. The return of the execution, however, was expressly pleaded and made a part of the motion and, among other things, it disclosed the plaintiff (appellee) had threshed and sold the wheat and obtained the money therefor without the knowledge or consent of the sheriff. If that were true, appellee, of course, could not recover in the instant proceeding. Her own motion to amerce clearly opened the issue on the question of who in fact threshed and sold the wheat. In order to determine whether appellant, without just cause, had refused to sell the wheat the court heard evidence. The uncontradicted evidence disclosed, in substance, the following: On June 30, 1937, Enright, a deputy sheriff, with writ of execution, went to the residence of Konecny, the judgment debtor, together with Mr. Meador, attorney of record for appellee. They learned at the farm from Konecny the wheat crop was encumbered with two mortgages for the sum of $400 each. The first mortgage was held by The Exchange State Bank of Douglass, and the second by Konecny's father. (The validity of the mortgages is not challenged.) On the same day, and after talking to Konecny at the farm, the deputy sheriff and Meador went to the bank at Douglass and were advised such mortgages existed. They returned to the farm and informed Konecny they would be obliged to sell the wheat. Konecny informed them if that was their decision, he might just as well turn the wheat over to them at once and let them do as they pleased with it because he would have nothing left after paying the mortgages and the expense of harvesting and threshing.

The uncontradicted testimony of the deputy sheriff, as to what Meador then said to Konecny, was:

"Well, I don't want to set you out afoot and be too hard on you. I know you have got to live and keep your family. He says, I will tell you what I want you to do. He says, You have got this crop harvested; you go ahead and thresh it and sell it and keep out your wheat for fall sowing again; pay these bills that you have got out against this wheat crop and your mortgage at the bank; and come over and see me; and they agreed to do that way."

Meador assured Konecny they would get along. Konecny inquired of Meador as to where he would find him after the sale, and Meador gave Konecny his professional card, containing his name, office address and telephone number. Konecny agreed to the arrangement and sold the wheat between July 7 and 9, inclusive. It brought $1,296. Konecny's two-thirds interest was $864.

The deputy sheriff also testified that before he and Meador left the farm he asked Meador what to do with the execution, as he had never served it, and that Meador advised him to just leave it there and that he handed it to Konecny and that was all there was to it. That portion of the testimony that "he had never served it," was stricken on the grounds it was not a part of the conversation, and impeached the return.

Following the interview at the farm on June 30, Konecny's attorney on July 3 advised the sheriff by letter the wheat crop was exempt. An undersheriff on July 7 advised Meador by letter, if appellant was to sell the wheat, it would be necessary for appellee to file an indemnity bond. Meador was requested to advise him by return mail. No word was received until July 12, when Meador came to the undersheriff's office and informed him and the county attorney he was not ready to make the bond and that he thought he could get the bank to pay his claim. The owner of the elevator at which the wheat had been sold testified to the effect that on October 12 Meador came to the elevator and was advised the wheat had been sold by Konecny on July 7, 8 and 9, and that Konecny had been paid. A representative of the bank testified, in substance, that Meador called at the bank on October 12 and was advised the Konecny mortgage had been paid. On July 13 Meador advised appellant by letter that unless he proceeded with the sale of the wheat amercement proceedings would be instituted against him. Appellant then ascertained that the wheat had already been sold and made his return on July 19.

The testimony of Konecny, relative to the arrangement between him and Meador as to the sale of the wheat was in substance the same as that of the deputy sheriff. No evidence was offered by

appellee, and all the evidence heretofore narrated stands uncontradicted. The court took the case under advisement. Before judgment appellant sought leave to amend his return on the execution to conform to the proof. It appears the motion was allowed upon the condition the return should not be amended so as to alter the wording of the original return and that its admission would be passed upon later. The amended return was finally rejected by the court on the ground it was not offered nor received in evidence and for the reason no finding had been made by the court as to whether the amended return was in conformity with the evidence. The journal entry of judgment also contained the following:

"At the conclusion of the argument the court found that the filing of the amended return of execution had been permitted by the court for the sole purpose of preserving the record for the sheriff and not for the purpose of permitting the defendant to change the evidence already before the court in the amercement proceeding."

The original return was offered in evidence by appellee. If that return be accepted as true, appellee was not entitled to judgment, and appellant's demurrer to the evidence should have been sustained. The amercement statute, G. S. 1935, 60-3429, is highly penal in its character, and one exacting the penalty thereunder is obliged to bring himself strictly within the letter and the spirit of the law. (*Reese v. Rice,* 1 Kan. App. 311; *Bond v. Weber,* 17 Kan. 410; *Fuller v. Wells,* 42 Kan. 551, 22 Pac. 561.) The presumption is that the sheriff did his duty and it devolved upon appellee to show the contrary. (*Armstrong v. Grant,* 7 Kan. 285, 295.) It was the duty of appellee to clearly show appellant, without just cause, had neglected and refused to sell the wheat; that burden appellee had not met at the time she rested her case, nor did she meet it thereafter. On the contrary, the return disclosed plaintiff (appellee) had sold the wheat. If appellee takes the position—and she does—that the return could not be amended so as to show no valid levy had in fact been made, then, on the basis of the same return, she is in the position of having unlawfully taken the property out of the possession of the sheriff, and having sold it, and having received the money therefor. Having expressly pleaded the original return, it was her burden to show she had not sold the wheat as the return disclosed. In that she failed, and the demurrer should have been sustained. On the subject of the demurrer we need therefore not consider the further contention of appellant that any interest in the wheat, above the amount of the mortgages, was exempt to

Konecny under the sixth and seventh paragraphs of G. S. 1935, 60-3504, and that appellee was obliged in an amercement proceeding to show such exemption did not exist. (See, however, *Armstrong v. Grant,* supra.)

Did the refusal of the trial court to admit in evidence the amended return vitiate the evidence which was admitted, without objection, at the hearing on the issue of whether appellant, without just cause, had neglected and refused to sell the wheat? We think not. In the instant case, we need not concern ourselves with evidence which contradicted or tended to contradict that part of the original return which purported a levy had been made or, for that matter, with evidence which might have been contradictory to any other portion of the return. The issue raised by appellee was whether appellant, without just cause, had neglected or refused to sell the wheat. The return stated the ultimate fact that plaintiff (appellee) had sold the wheat. The sheriff was not obliged to describe in detail the particular manner and circumstances under which plaintiff had sold the wheat. That portion of the evidence which was not contradictory, but explanatory of the return and disclosed the manner in which plaintiff had sold the wheat, was entirely competent. That evidence was competent, both as explanatory of the return and on the issue of whether appellant had neglected or refused to sell the wheat without just cause. The explanatory evidence had been admitted on the hearing without objection and remained uncontradicted. As explanatory of the return it was not essential it should be included in an amended return in order to be considered as evidence on the issue involved. That evidence discloses appellee through her attorney of record advised Konecny, in the presence of the sheriff, the wheat would not be sold pursuant to the execution. It affirmatively discloses appellee's attorney completely discharged the sheriff from any official duty relative to the sale. For the purpose of making the sale appellee voluntarily substituted for the sheriff the judgment debtor as her agent. Appellee made the complete arrangements with Konecny for the threshing, for the sale, for the payment of all claims against the wheat, for the retention by Konecny of sufficient wheat for fall sowing, and, finally, for a report by Konecny to appellee after full compliance with all directions given by appellee. In short, this explanatory evidence was not contradictory to, but entirely consistent with, that portion of the return which purported plaintiff had made the sale.

It is well established that an execution is the judgment creditor's process, and as a general rule it is within his exclusive control. (23 C. J. 424, § 208, and 795, § 869; 1 Freeman on Executions, 3d ed., § 108; *The State, ex rel. Share et al., v. Boyd et al.,* 63 Ind. 428; *Root v. Wagner,* 30 N. Y. 9; *Hammons v. Pendleton,* 96 Ark. 444; *Smith v. Martin et al.,* 54 Ga. 600; *Gross v. Gates,* [Vt.] 194 Atl. 465; *Blomenstiel v. Tridico,* [La. App.] 149 So. 912.)

Nor is it contended in the instant case the attorney for appellee lacked the authority he exercised. (See 7 C. J. S. Attorney & Client, p. 914, § 97.) A sheriff or constable will not be amerced where the interference of the complainant has prevented him from discharging his duty. (57 C. J. 1005.)

Appellee insists, in amercement proceedings, the fact that the judgment creditor has not been damaged is immaterial. That is true for the reason G. S. 1935, 60-3429, is imperative in its terms and grants no discretion to the court. (*Bond v. Weber,* supra.) Before, however, judgment in amercement becomes imperative the parties seeking the penalty under the statute must first clearly establish either the willful wrong or the neglect charged. (*Bond v. Weber,* supra.) In that proof appellee failed. For that reason the judgment must be reversed. It is so ordered.