No. 43,613

State of Kansas, *Appellee*, v. Scott Mays Emory, alias Emory Mays Scott, alias Scott Mays Stanfield, *Appellant*.

(391 P. 2d 1013)

Opinion filed May 9, 1964.

*Claude L. Lee*, of Wichita, argued the cause and was on the briefs for the appellant.

*R. K. Hollingsworth*, deputy county attorney, argued the cause, and *William M. Ferguson*, attorney general, *Robert E. Hoffman*, assistant attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from a conviction and sentence of defendant (appellant) Scott Mays Emory for the commission of the crimes of second degree burglary, and larceny.

The information charged defendant with breaking, entering and burglarizing the building of Albertson & Hein, Inc. located in Wichita, Kansas, and with larceny of certain miscellaneous tools and an adding machine of the total value of $3,937.20 contrary to the provisions of G. S. 1961 Supp., 21-520, and G. S. 1949, 21-524.

At the beginning of the trial defendant filed his written motion to suppress the evidence that served as a basis for his conviction on the ground it had been obtained by means of an unlawful search and seizure.

Defendant assigns as error the trial court's overruling of his motion to suppress the evidence obtained by the search. The defendant, in an attempt to show the warrant issued for the search of his premises in Oklahoma was unlawful, assumed the burden of proof and presented his evidence which may be summarized as follows:

Jack Craig, former sheriff of LeFlore county, Oklahoma, testified

as a witness for the defendant that on March 15, 1961, having information that defendant was unlawfully selling cigarettes in Oklahoma bearing Kansas tax stamps, and also certain machine tools, he, the sheriff, had the county attorney of that county prepare a search warrant for the place of business and residence of the defendant at Howe, Oklahoma, and that the proper justice of the peace, Frank Robertson, issued the search warrant. On the same day Sheriff Craig and his deputy went to defendant's place of business and residence, rapped on the front door, and when no one appeared, went to the kitchen door and knocked. The defendant came to the door where Sheriff Craig served the defendant with a copy of the search warrant. The defendant laid the search warrant on the table and said, "Go ahead."

At the trial the defendant testified on cross-examination:

"Q. Now, you say that when Sheriff Craig showed you the search warrant, I believe I got that correctly, 'Go right ahead and search.'

"A. Go ahead and search. I would tell that to anyone that comes to my place to search a place. It makes no difference if they got a search warrant. That would be common to me.

"Q. Even if you had a house full of stolen property?

"A. I wouldn't have a house full of stolen property.

"Q. Well you did.

"A. Well, I did have a house full. I didn't know it was stolen."

The sheriff further testified that in searching the premises he found four or five cartons of cigarettes bearing Kansas tax stamps, a quantity of machine tools and an adding machine; that he then placed defendant under arrest for possession of the cigarettes and having improper registration on his vehicle; that he took the serial number of the adding machine and then took the defendant and the cigarettes to the county jail at Poteau, Oklahoma; that he thereafter made a telephone call to Wichita, Kansas, and ascertained that the adding machine and the tools had been stolen in Wichita; that he took possession of the machine tools with the permission of defendant's wife; and that he then made his return on the search warrant to the justice of the peace within three days as prescribed by the Oklahoma statute.

The sheriff also testified that just prior to coming to Wichita to testify in the instant case on February 19, 1963, he attempted to find the records of the justice of the peace but was unable to do so due to the large amount of missing records of the justice

of the peace; that Justice Robertson remembered issuing the warrant but did not know what happened to the record, as he had been ousted from office and all of his records had been destroyed.

Defendant's motion to suppress the evidence was overruled and the case proceeded to trial, resulting in conviction and sentence as aforestated.

The defendant contends the state failed to prove the existence of a valid search warrant, thus rendering the evidence and the fruits derived from the search inadmissible in the trial of the instant case in the Kansas court. The general rule is that one who seeks affirmative relief on the ground that officers violated his constitutional rights in making a search has the burden of establishing facts from which it will affirmatively appear that his rights were invaded. Thus, one seeking to impeach a search warrant has the burden of establishing the matters complained of. If the search warrant is regular on its face, it will be presumed that the officer discharged his duty in issuing it, and this raises a prima facie presumption as to the sufficiency of the affidavit; if the accused relies on the insufficiency or invalidity of either the affidavit or the warrant, he has the burden of proving it. (79 C. J. S., Searches and Seizures, § 98, pp. 917, 918; *Ludwig v. State,* Okl. Cr., 259 P. 2d 322.)

In I Wharton's Criminal Evidence (11th Ed.), § 160, p. 176, it is stated:

"Various documents or instruments issued by authority of law and approved by courts or public officers are presumed to have been regularly issued. This is true as to search warrants . . . Thus, a presumption prevails that a search warrant was issued upon a proper affidavit, unless the contrary appears from the evidence; and where a warrant was lost, but the affidavit called for the kind of warrant which it is contended was issued, it will be presumed that everything was properly done as required by law. . . ."

As disclosed by the evidence in the instant case, both the affidavit and the search warrant had been lost or destroyed. However, the affidavit was supplied by the defendant's witness, Sheriff Craig, who testified that having information the defendant was unlawfully selling cigarettes in Oklahoma bearing Kansas tax stamps, and also certain machine tools, he had the county attorney prepare a search warrant for the place of business and residence of the de-

fendant, which warrant was issued by the justice of the peace and served by the sheriff upon the defendant.

There is always a strong presumption in favor of a public officer that he has performed the duties of his office faithfully; and if any person should claim that an officer has not performed his duty, it will devolve upon such person to affirmatively show it. The presumption in the instant case is that the search warrant was properly issued under the laws of Oklahoma, that the sheriff performed his duty in serving the warrant, and that he made his return in accordance with the laws of the state. *Armstrong v. Grant*, 7 Kan. 285, 294, 295, 296; *Riffel v. Konecny*, 149 Kan. 533, 537, 88 P. 2d 1077; *Kirkpatrick v. Ault*, 174 Kan. 701, 707, 258 P. 2d 262.)

The defendant's evidence on his motion to suppress clearly disclosed the search and seizure warrant was validly issued and served on the defendant, that he consented to the search, and that the statutory return of the warrant was made. The presumption therefore arises that the search warrant was properly issued under the law, and there was nothing in the defendant's evidence to the contrary.

Defendant's evidence clearly disclosed defendant consented to the search. There was no evidence the sheriff displayed any firearms or acted in a belligerent manner at the time he served the search warrant that defendant admitted he received. The defendant, in fact, invited the sheriff to make the search, as hereinbefore related, and his voluntary act in so doing constituted a waiver of a search warrant even had not one been issued. *(Burns v. State*, Okl. Cr., 282 P. 2d 258.)

In view of what has been said, we are of the opinion the defendant failed to sustain the burden of proof and the trial court did not err in overruling defendant's motion to suppress the evidence that served as a basis for his conviction on the ground it had been obtained by means of an unlawful search and seizure. The judgment of the trial court is affirmed.