No. 44,804

AMERICAN HOME LIFE INSURANCE COMPANY, a corporation, *Appellee*, v. J. E. HEIDE, *Appellant*, and RONALD D. TETZLOFF and PATRICIA L. TETZLOFF, his wife; WILLIAM E. LOOK and BLANCHE N. LOOK, his wife; WILLIAM R. SIMS and CHARLENE K. SIMS, his wife, Defendants.

(433 P. 2d 454)

Opinion filed November 13, 1967.

`M. D. Bartlow,` of Topeka, argued the cause and was on the brief for the appellant.

*Arthur E. Palmer,* of Topeka, argued the cause, and *Marlin S. Casey, Ernest J. Rice, Murray F. Hardesty, Glenn D. Cogswell, Gerald L. Goodell, Wayne T. Stratton, Robert E. Edmonds, Thomas E. Wright,* and *Roger R. Viets,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is a mortgage foreclosure action on real estate located in Shawnee county, Kansas.

A brief chronology is necessary: The mortgage in question was executed September 30, 1960, by Ronald D. Tetzloff and Patricia L. Tetzloff, the then owners of the property; the mortgagee shortly thereafter assigned it to appellee. October 24, 1961, the Tetzloffs conveyed the property to William E. Look and Blanche N. Look; March 27, 1962, the Looks conveyed it to William R. Sims and Charlene K. Sims, who in turn, on August 25, 1965, conveyed it to J. E. Heide, an unmarried man, appellant herein. Each deed of conveyance contained a clause whereby the grantees assumed and agreed to pay the mortgage.

The mortgage became in default prior to the conveyance of the property to appellant and nothing has been paid thereon since August 11, 1965.

On November 2, 1965, appellee filed in the district court of Shawnee county its petition to foreclose the mortgage, naming as defendants all the foregoing named owners including appellant. The same day, upon appellee's praecipe, a summons was issued to the sheriff of Sedgwick county, Kansas, to be served upon appellant at a named address in Wichita. That sheriff returned the summons stating appellant had moved from the address given three months or more prior and after diligent search and inquiry he was unable to find appellant. On December 15, 1965, appellee filed its affidavit for service by publication upon appellant and

certain other defendants. With one exception to be mentioned later, the affidavit followed the form prescribed in K. S. A. 1965 Supp. 60-307($d$)(5). Proof of such publication was duly filed December 30, 1965. No appearance by appellant being made meanwhile, on February 14, 1966, default judgment was entered against him. Order of sale for the property was duly issued and it was sold, appellee bidding it in for the amount of its judgment, costs and taxes. On May 6, 1966, the sale was confirmed by the court. The redemption period was fixed at six months, the court having found that the mortgage was a purchase money mortgage upon which less than one-third had been paid prior to default.

On June 28, 1966, appellant made his first appearance in the proceedings filing an instrument denominated "Special Appearance." In this he alleged in substance that the various orders and judgment were void because he, a resident of Shawnee county, Kansas, had not been properly served with a summons, and he moved that they be set aside.

The trial court held a hearing on the "Special Appearance," taking evidence. The trial court treated appellant's appearance as an application under K. S. A. 60-309($a$) to open a default judgment rendered on service by publication. That statute prescribes, among other things, as a prerequisite to relief thereunder, a showing that during the pendency of the action the defendant had no actual notice thereof in time to appear in court and make his defense. At the hearing appellant specifically admitted he had knowledge of the foreclosure proceeding right after the first of January, 1966. Because of this evidence, judgment having been rendered February 14, 1966, the trial court on July 20, 1966, overruled appellant's motion. This appeal is from that order.

First of all, we think the trial court misconceived appellant's motion in treating it as an application for relief under K. S. A. 60-309($a$). That section contemplates the opening up of default judgments rendered on service by publication so that a defaulting defendant may be let in to defend on the merits. It presupposes jurisdiction was obtained over the defaulting defendant (see James' Civil Procedure, §11.4). Its purpose is to give such a defendant who can comply with its terms his day in court so he can defend on the merits (4 Vernon's K. S. A. Code of Civil Procedure, p. 152). Appellant made no attempt to come in under that statute for fairly obvious reasons. 60-309($a$) does not contemplate the vacating of a void judgment, and one attacking a void judgment is not bound

by its procedural limitations. There is no necessity to defend on the merits against a void judgment before it can be vacated; likewise knowledge of the pendency of the action is an immaterial factor in its vacation; the attack may take various forms, and there is no time limitation.

The substance of appellant's motion, filed in the foreclosure action, as already stated, challenged the validity of the judgment on the basis of the court's jurisdiction over his person, and it positively alleged that the judgment was void, thus bringing the motion within the purview of K. S. A. 60-260(b)(4) which provides:

"(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void. . . ."

If the judgment were void, appellant was entitled to have it vacated as requested. Hence we turn our inquiry to the validity of the judgment, questioned in several respects by appellant.

The affidavit for service by publication, signed by one of the attorneys for appellee, did not contain the jurat of a notary public although space was provided for the same on the form used. Appellant contends this omission voided the service sought to be obtained, asserting there was no affidavit. At the hearing before the trial court on appellant's motion a notary public testified the named affiant did in fact swear to the affidavit before her. The same contention raised by appellant here was considered by this court in *James v. Logan*, 82 Kan. 285, 108 Pac. 81, and it was held:

"If a declaration has in fact been made under oath it is an affidavit, although no jurat be attached. The jurat is merely evidence that an oath was duly administered, and in the absence of a jurat the fact may be proved by evidence *aliunde*." (Syl. ¶2.)

This court further stated that when a paper purporting to be an affidavit has been approved as such by the court, and has been made the basis of judicial action as if it were duly authenticated, the omission of the jurat is a mere irregularity which does not vitiate the subsequent proceedings based on the affidavit.

In the instant case the trial court in the foreclosure proceeding specifically and expressly approved the proof of publication as reflected in its journal entry of judgment, all in full compliance with the requirements of K. S. A. 1965 Supp. 60-307(g), and there was evidence the affidavit was in fact sworn to before an authorized officer. The absence of a jurat on the affidavit did not invalidate the service on appellant.

Appellant contends he was not subject to service by publication because he was a resident of the state of Kansas and in fact resided in Topeka when service was sought to be obtained upon him. Appellant testified at length at the hearing concerning the subject of his residence. It appears he is what is sometimes referred to as an "equiteer," that is, he buys equities of redemption, making "some kind of a deal" with the owner of mortgaged property being foreclosed upon, whereby he receives a deed to the property and holds it for the rent during the redemption period without payment of any expense on the property. He also lives for short periods in some of the properties he buys. It appears he has had many business contacts in Topeka and that at the time of the hearing he owned fourteen houses in Topeka, eleven in Salina and about ten in Wichita. He described his various places of residence and, as nearly as we can tell from a somewhat uncertain narrative, he had, within the last year, lived at two different addresses in Wichita proper, at Haysville, Derby, Salina, and at seven different addresses in Topeka. He had an address listed in the Topeka telephone directory. He moved into the house at this address the latter part of October, 1965. Evidently he remained in this house only a matter of a few days as he testified "To the best of my knowledge I was in Salina, 1118 Acorn Circle, on November 2, 1965, the date this case was filed." In December, 1965, he was living in Topeka.

Based on the foregoing, appellant contends he was not subject to service by publication. We do not agree.

K. S. A. 1965 Supp. 60-307($a$)(3) provides publication service is permissible in actions relating to real estate or foreclosure of a lien "where plaintiff with due diligence is unable to make service of summons upon the defendant within the state." Subsection ($d$) thereof prescribes a procedure for the initiation of such service which procedure, with the exception already dealt with, was followed. The affidavit for such service stated the residence of appellant was unknown and that affiant did not know and with reasonable diligence was unable to ascertain such residence and that appellee was unable to procure personal service of summons on appellant within this state.

Bad faith or fraud in the procedure to obtain service by publication was neither shown nor suggested. That the exercise of due diligence might fail in ascertaining appellant's place of residence

and obtaining personal service upon him is readily understandable from his own recital of his frequent moves.

We have long had statutes authorizing service by publication, and this court has had occasion to construe the procedural aspects in issue here. *Davis v. Land Co.,* 76 Kan. 27, 90 Pac. 766, was a quiet title action wherein service by publication was had upon an affidavit made in good faith, though mistakenly, that defendants were non-residents of the state. Contention .was made, as here, that the judgment rendered was a nullity. This court held:

"A decree quieting title to real estate, where the only service upon the defendants is made constructively as provided by the statute for non-residents of the state, is not void because the grounds stated in the affidavit are untrue." (Syl. ¶1.)

The *rationale* stated was that, assuming good faith, the question of jurisdiction must be determined by the statute authorizing publication service, that whether a defendant is a nonresident or not is a question of fact which must be determined by testimony before constructive service can be completed, and the only evidence required by the statute to establish this fact was the prescribed affidavit; that when such an affidavit had been filed, and notice by publication given, and the proceeding had been examined and approved by the trial court, as required by statute, then jurisdiction existed and the judgment rendered is valid.

The foregoing principles have been approved and applied in many of our cases (see 5 Hatcher's Kansas Digest, rev. ed., Writ and Process, §37, and 8 West's Kansas Digest, Process, §96(4); also *Marler v. Mortgage Co.,* 111 Kan. 488, 207 Pac. 823), and are in accord with rules generally applied elsewhere (annotation at 159 A. L. R. 574). We think they are applicable here.

We hold, therefore, the statutory requisite for service by publication having been met, jurisdiction was obtained over appellant, and the judgment attacked was not void for the reasons asserted.

That appellant's position now is untenable results in no prejudice. Apparently, delay has been his only objective. He has never sought to defend on the merits. Having known of the action six weeks prior to judgment he could have. come in and defended on the merits in ample time; had he in fact not known of the action prior to judgment, 60-309(*a*) would have permitted presentation of a meritorious defense.

The trial court's judgment refusing to vacate the orders com-

plained of was correct, although for reasons other than those given, and it is affirmed.

APPROVED BY THE COURT.