No. 45,192

STATE OF KANSAS, *Appellee*, v. IVON ERNEST YATES, *Appellant*.

(449 P. 2d 575)

Opinion filed January 25, 1969.

*Joe L. Norton,* of Olathe, argued the cause and was on the brief for the appellant.

*James A. Wheeler,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, *James W. Bouska,* County Attorney, and *Bill E. Haynes,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of second degree burglary and grand larceny, and the resulting judgment and sentences.

We note the facts in the order of their occurrence.

On December 9, 1966, the Troug & Nichols Company of Lenexa, Kansas, was burglarized. In the early evening of December 13, the defendant, Ivon Yates, and Gerald Manley, under the assumed names of Richard Kerns and Jack Moore respectively, rented a two story house at 1026 Barnett, Kansas City, Kansas, from Jimmy Dye and his brother-in-law. The defendant, alias Richard Kerns, paid $80.00 in cash for a month's rent.

During the late evening of December 13, the home of Gene Martin at 9115 Somerset Drive, Overland Park, Kansas, was burglarized. A Motorola console stereo, a portable television set and other articles were taken.

On the morning of December 14, 1966, Jimmy Dye and his brother-in-law were at the rented house changing the lock on the front door when the defendant and Gerald Manley arrived. The articles of furniture which were stolen from the home of Gene Martin were in the house but they were not so identified until later. These were the only furnishings in the house except a refrigerator and stove which were furnished by the landlords. The defendant played the stereo for ten or fifteen minutes and then he and Manley left. They did not again return to the rented house.

On December 16, 1966, the defendant and Manley were arrested on the charge of burglarizing Troug & Nichols Company on December 9, 1966. The investigating officers of the Johnson County's sheriff's office had reason to believe that the same parties had burglarized both the Troug & Nichols Company and the Martin residence in Overland Park. On the morning of December 21, 1966, they learned that the defendant and Manley had rented the house at 1026 Barnett, Kansas City, Kansas. The Overland Park police department was then contacted.

It was arranged that a detective from the Overland Park police department would go to the rented house at 1026 Barnett with the victim Martin and make a preliminary investigation for the purpose of justifying a search warrant. They felt that the information which they had was not sufficient for that purpose. Between

11:00 a. m. and 11:30 a. m. the detective and Martin went upon the front porch of the rented house and knocked on the door. There was no response. They looked through the glass of the front door and Martin recognized the stereo console which had been stolen from his residence. The detective then called the sheriff's office. A search and seizure warrant was obtained, served on one of the landlords who unlocked the premises and all of the stolen property was taken by the law enforcement officers.

The defendant was then charged with the theft of the property from the Martin residence and the convictions of burglary in the second degree and grand larceny resulted.

The defendant has appealed to this court raising several alleged trial errors.

The appellant first objects to the refusal of the trial court to suppress all evidence gained from, what he calls, the unreasonable search of the rented house referred to by him as his home.

The appellee suggests that neither the appellant nor his co-tenant had ever lived in the rented house and therefore the building does not fall within the term "houses" as that term is used in the Fourth Amendment to the Constitution of the United States prohibiting unreasonable search. It cannot be determined from the evidence whether the appellant and his accomplice intended to make the rented residence their home after furnishing it with stolen property or whether they intended to use it simply as a cache for stolen property. We cannot say that the building was not such as would be protected by the constitutional restrictions from unreasonable search. However, we are not ready to say that the preliminary investigation, such as was made under the facts and circumstances related, was an unreasonable search.

The Fourth Amendment to the Constitution of the United States reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Kansas Constitution, Section 15 of the Bill of Rights, states:

"The right of the people to be secure in their persons and property against unreasonable searches and seizures, shall be inviolate; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or property to be seized."

It cannot be said that any unreasonable search was made of the premises in question. Certainly the officer had a right to go upon the front porch of the house which was facing a public street in a preliminary investigation before obtaining a search warrant. Investigating officrs must be given the right to inquire as to the occupancy of a building and whether or not they will be admitted. For us to hold otherwise would completely tie the hands of our police officers investigating a crime in a community.

It is not an unreasonable search for an investigating officer to approach a door and knock for the purpose of making inquiry. There is no indication in this case that the officer intended to enter the house without permission. Once at the door and knocking, the officer was not required to close his eyes for fear he might see evidence of burglary. Mere observation does not constitute a search.

The appellant relies on *Haerr v. United States,* 240 F. 2d 533, which states:

"A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. The term implies exploratory investigation or quest. 79 C. J. S., Searches and Seizures, § 1. Stopping the automobile in quest of aliens was the duty of the Border Patrol, and it was a part of the performance of this duty to look into the automobile. *Mere observation, however, does not constitute a search.* United States v. Lee, 1926, 274 U. S. 559, 47 S. Ct. 746, 71 L. Ed. 1202; Ellison v. United States, D. C. Cir. 1953, 206 F. 2d 476; United States v. Strickland, D. C. S. C. 1945, 62 F. Supp. 468." (p. 535. Emphasis supplied.)

We are in complete accord with the statement in the *Haerr* opinion. In *State v. Blood,* 190 Kan. 812, 378 P. 2d 548, we stated at page 819 of the opinion:

". . . It has been held that the eye cannot commit a trespass condemned by the Fourth Amendment. (See, *McDonald v. United States* [1948], 335 U. S. 451, 93 L. Ed. 153, 69 S. Ct. 191.) Observation of that which is in plain view is not a search. (*State v. Campbell* [Mo. 1953], 262 S. W. 2d 5; *State v. Hawkins* [1951], 362 Mo. 152, 240 S. W. 2d 688; and *State v. Harre* [Mo. 1955], 280 S. W. 2d 41.)"

After some of the stolen property was observed through the glass in the front door, a search and seizure warrant was obtained before the property was taken. We must conclude that evidence of the possession of the stolen property was properly received.

The appellant contends that the search and seizure warrant was invalid because it was signed by the clerk of the magistrate court. Our attention is called to K. S. A. 62-1828, which provides:

"A search warrant authorized by this act may be issued by any magistrate or judge authorized to issue process for the apprehension of offenders against the laws of this state."

We also note K. S. A. 62-1830, which reads in part:

"A warrant shall issue upon affidavit or upon oral testimony given under oath and recorded before the magistrate or judge. If the magistrate or judge is satisfied that there is probable cause for the issuance of a warrant, he shall issue such warrant describing the property to be searched for and seized and naming or describing the person, place or means of conveyance to be searched. . . ."

It would appear that if the magistrate directs the issuance of a search and seizure warrant after finding probable cause, the warrant should not be invalidated because it is signed by the clerk rather than the judge who directed its issuance. However, we see no valid reason why officials should not follow suggested forms placed in the statute for their guidance and thus avoid such controversies as we now have before us. (See K. S. A. 62-1831.)

The appellant also suggests that the warrant should be held illegal because the record does not show the requisite affidavit or testimony.

Neither does the record show that there was not an affidavit or testimony presented to the magistrate. In *State v. Emory,* 193 Kan. 52, 391 P. 2d 1013, it is stated at page 54 of the opinion:

"The general rule is that one who seeks affirmative relief on the ground that officers violated his constitutional rights in making a search has the burden of establishing facts from which it will affirmatively appear that his rights were invaded. Thus, one seeking to impeach a search warrant has the burden of establishing the matters complained of. If the search warrant is regular on its face, it will be presumed that the officer discharged his duty in issuing it, and this raises a prima facie presumption as to the sufficiency of the affidavit; if the accused relies on the insufficiency or invalidity of either the affidavit or the warrant, he has the burden of proving it. (79 C. J. S., Searches and Seizures, § 98, pp. 917, 918; *Ludwig v. State,* Okl. Cr. 259 P. 2d 322.)"

The appellant further objects to the fact that stolen goods were taken from the rented premises which were not included in the search and seizure warrant.

We find no merit in the objection. An officer, while making a legal search pursuant to a search and seizure warrant, may lawfully seize other stolen goods found on the premises not mentioned in the search warrant. (79 C. J. S., Searches and Seizures, § 83e, p. 903.)

A careful examination of the record discloses no vital errors in connection with the search and seizure warrant.

The appellant next suggests that the trial court committed reversible error by admitting evidence of prior convictions.

The evidence revealed that the appellant had two prior convictions of burglary and two prior convictions of grand larceny in the state of Missouri in 1963. These crimes are similar to those for which the appellant was being prosecuted.

The appellant concedes that under the provisions of K. S. A. 60-455 evidence of prior similar crimes may be introduced, when relevant, for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. He suggests, however, that the statute represents the exception and not the rule and should be strictly construed and carefully employed. Appellant specifically suggests that crimes committed in 1963 would have no relevancy to similar crimes committed in 1966.

We are unable to agree with appellant's contention. We are not informed as to how much of the intervening time between the crimes in 1963 and 1966 was spent in the penitentiary where the appellant had no opportunity to commit robbery or burglary. Be that as it may, there can be no hard and fast rule laid down by which it can be determined when evidence of prior crimes becomes irrelevant because of intervening time. This is a matter which must be left largely to the discretion of the trial court. We find no abuse of discretion under the facts and circumstances presented in this case.

The appellant objects to the prosecutor referring to him as a "petty thief" during the closing argument and the failure of the trial court to instruct the jury to disregard the reference.

Again we find no merit in the contention, although we do not wish to encourage name calling by a prosecuting attorney. We note appellant's suggestion that this court has held that the abuse of a defendant by referring to matters not in evidence constitutes prejudicial error. (*State v. Ryan,* 141 Kan. 549, 42 P. 2d 591.) We would adhere to that rule. However, there was ample evidence before the jury in this case to brand the appellant as a thief. There was not only the evidence of the thievery in the case being prosecuted but there was also evidence of two prior convictions of burglary and larceny. We cannot say that the prosecutor's argument went outside the evidence.

The appellant, as a finale, objects to the trial court's instruction as to the presumption arising from the possession of stolen property.

The instruction stated in part:

". . . You are instructed that possession of stolen property shortly after it is stolen is prima facie evidence that the possessor is the thief, . . ."

The appellant contends that the term "possession of stolen property shortly after it is stolen" is too vague for universal application. He states:

". . . A presumption of guilt from mere possession is constitutionally impermissible since there is no reasonable connection between possession and knowledge that goods were stolen. Such a presumption, lacking a logical core, thereby violates due process."

The appellant overlooks the fact that he has only to explain how he got possession and, when possession is properly explained, the presumption that he is the thief is removed. The instruction did further inform the jury that it was only when the possession was not satisfactorily explained that possession of recently stolen property would warrant a conviction.

The time element in this case can hardly be an issue.

The property was stolen the evening of the 13th of December, 1966, and the next morning, December 14, the landlord saw the stolen furniture in the rented house and the appellant showed his landlord how the stolen stereo worked, playing a record on the record player.

Objections similar to appellants were considered in connection with similar instructions and overruled in *State v. Cone,* 171 Kan. 344, 232 P. 2d 470 and *State v. Jenkins,* 197 Kan. 651, 421 P. 2d 33.

Whether or not the appellant had possession of the stolen property was a question for the jury and the jury was properly instructed that it "must find beyond a reasonable doubt that the defendant had possession" of the stolen property before the instruction would be applicable.

A careful review of the record discloses no trial errors which would justify the granting of a motion for a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.