(562 P.2d 138)
No. 48,289

STATE OF KANSAS, *Appellee,* v. JAMES RANDALL JOURNEY, *Appellant.*

Opinion filed March 25, 1977.

*John P. Gerstle* and *Jack Shelton,* both of Lenexa, for the appellant.

*Richard S. Wetzler,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, for the appellee.

Before HARMAN, C. J., REES and SPENCER, JJ.

HARMAN, C.J.: James Randall Journey was convicted by a jury of possession of marihuana with intent to sell. He was sentenced and now appeals. The sole issue is whether a search warrant was illegal because the signed statement upon which it was obtained had no jurat. We hold it was not.

During the course of the arrest of defendant Journey by Johnson county detectives for the offense in question the arresting party took custody of a suitcase. Two detectives, a KBI informant and a Johnson county assistant district attorney appeared before a judge pro tem of the Johnson county magistrate court and obtained a search warrant for the suitcase. There the group presented to the judge a typewritten statement on a form entitled AFFIDAVIT FOR SEARCH WARRANT. The statement set out facts constituting probable cause for the search and was signed

by the KBI informant. The jurat form following the statement was not signed by the magistrate who issued the warrant.

The search warrant contained this prefatory language:

"Upon written statement given under oath or affirmation which states facts sufficient to show and from which I find that probable cause exists. . . ."

During the trial the district court entertained defendant's motion to suppress incriminating evidence seized under the search warrant for the suitcase. Upon the hearing of this motion Detective Soper, one of those who appeared in magistrate court when the warrant was secured, testified that he did not "testify" at that time but that "Allen [the informant] did"; "He was the only party that testified for the search warrant"; that he did not recall seeing Allen "sworn in".; there was no court reporter present. A deputy district court clerk testified that in the court records she found only the statement signed by Allen which was stapled to the search warrant; there was no separate transcript. Our record on appeal reveals the following in the deputy clerk's testimony:

"Q. At the bottom of that Affidavit is 'Not executed before any judge as shown on the document'?
"A. That's correct.
"Q. It bears merely the signature of Bob Allen?
"A. That's correct."

No other evidence was offered respecting the matter at issue although the informant testified at the trial as a witness to defendant's activities in connection with marihuana. In oral argument on the motion to suppress it was conceded the informant had signed the affidavit form. In denying suppression the trial court stated:

"With reference to the search warrant problem, the document in question, or Defendant's Exhibit Number A, does have a document signed by Robert J. Woody, Pro tem of Division III of the Magistrate Court, wherein he states above his signature with the Seal of the Court as follows, and I quote: 'Upon written statement given under oath or affirmation which states facts sufficient to show,' et sequens. The Court feels the Magistrate's signature verifies the document he signed that the document was given under oath and apparently through some type of clerical oversight it was not signed by the Magistrate. Obviously, the Court is concerned with substance. It is not concerned with mere irregularities, Mr. Jarvis. I see no way how this would affect the substantial rights of the defendant in this proceeding to have the Court sustain your position on the search warrant for the reason of the lack of the signature, and the Court would have to conclude that it is one of those cases contemplated by the provisions of K.S.A. 22-2511 as being a

mere technical irregularity, it does not affect the substantial rights of the defendant."

Defendant now renews his contention the search warrant was invalid because the application upon which it was issued was not sworn to.

Our federal and state constitutions provide that no search warrant shall issue but on probable cause, supported by oath or affirmation particularly describing the place to be searched and the persons or property to be seized. Implementing these mandates, K.S.A. 22-2502 (since amended) prescribed:

"(*a*) A search warrant shall be issued only upon the written statement of any person under oath or affirmation. . . .

"(*b*) Before ruling on a request for a search warrant, the magistrate may require the affiant to appear personally and may examine under oath the affiant and any witnesses he may produce: *Provided,* That such proceeding shall be taken down by a court reporter or recording equipment and made part of the application for a search warrant."

K.S.A. 22-2511 provides:

"No search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting the substantial rights of the accused."

In Kansas an affidavit is a written statement, under oath, sworn to or affirmed by the persons making it before some person who has authority to administer an oath or affirmation (*State v. Knight,* 219 Kan. 863, 867, 549 P. 2d 1397, 1401). Noteworthy is the fact we have no case law requirement for any written certificate of the officer or person before whom the writing is sworn to, known as a jurat, nor is this required constitutionally or statutorily in connection with the issuance of a search warrant, as is true in some states. The omission is significant here (obviously it is the best practice to have a written record of the oath-taking and had such been done the issue in this appeal would never have arisen). "If a declaration has in fact been made under oath it is an affidavit, although no jurat be attached. The jurat is merely evidence that an oath was duly administered, and in the absence of a jurat the fact may be proved by evidence *aliunde*" (*James v. Logan,* 82 Kan. 285, Syl. 2, 108 Pac. 81; see also *American Home Life Ins. Co. v. Heide,* 199 Kan. 652, 655, 433 P. 2d 454).

Thus omission of a jurat in an affidavit to obtain a search warrant does not invalidate the sworn statement. This rule is an outgrowth of the long-established presumption in favor of a

public officer that he has performed the duties of his office faithfully (*State v. Emory,* 193 Kan. 52, 391 P. 2d 1013). "If the search warrant is regular on its face, it will be presumed that the officer discharged his duty in issuing it, and this raises a prima facie presumption as to the sufficiency of the affidavit; if the accused relies on the insufficiency or invalidity of either the affidavit or the warrant, he has the burden of proving it" (*Id.* 193 Kan. 54, 391 P. 2d 1015; *State v. Yates,* 202 Kan. 406, 410, 449 P. 2d 575, 579).

The issue here becomes one of sufficiency of evidence to support the trial court's action. The search warrant was regular on its face. The only witness who testified as to events when it was obtained couldn't recall whether the informant who had signed the written statement was sworn; this witness stated the informant "testified for the search warrant". Aside from the testimony of the deputy district court clerk, to be mentioned later, the only other evidence on the point was the language in the warrant which the magistrate signed that the warrant was issued "upon written statement given under oath". This was sufficient basis for the trial court to rule as it did upon this factual issue.

Although the doctrine should not be stretched too far, and in no event is actual swearing or affirmation to be dispensed with in securing a search warrant, we think the trial court under the circumstances here could properly take into account the prefatory language in the warrant in determining the matter. This was the viewpoint in *People v. McIver,* 39 App. Div. 2d 671, 331 N.Y.S. 2d 979, affirmed without opinion, 31 N.Y. 2d 735, 338 N.Y.S. 2d 108, 290 N.E. 2d 147. There the issuing judge had executed the jurat to an affidavit form in support of a search warrant but the affidavit contained no autographed signature of the purported affiant. At the time no statute specifically required a signature. The appellate court stated the essential element was the oath or affirmation of the applicant before an officer having authority to administer the oath. In concluding that the warrant was properly issued it took into account the fact that the warrant signed by the issuing magistrate contained the recital: " 'Proof by affidavit having been made this date before me', etc."

The testimony of the deputy district court clerk does not dictate a contrary result from that reached by the trial court and here. The affidavit reproduced in our record on appeal does not have on it

any such quotation as that indicated by her testimony. In reply to questioning upon oral argument of this appeal in an effort to clear up this ambiguity, counsel on both sides stated they were not aware that the original affidavit contained any such verbiage; if so neither could explain who did it nor when or under what circumstances it was done. A jurat was obviously lacking but that omission was not fatal. The absence of a court reporter during the time the search warrant was obtained is similarly of no consequence since we have determined that a sworn statement in writing was furnished the magistrate pursuant to section (*a*) of K.S.A. 22-2502 and he did not require further examination as contemplated in section (*b*) where recording of oral proceedings would have been in order.

The judgment is affirmed.