■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (King, J.), rendered January 12, 1988, convicting him of attempted criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Slobod, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant sought suppression of evidence seized from an apartment he occupied, on the ground that the search warrant was invalid. We decline to disturb the hearing court's determination that the absence of the issuing Magistrate's signature from the jurat on the police officer's affidavit did not render the warrant invalid. An application in writing for a search warrant must be "subscribed and sworn to by a public servant" (CPL 690.35 [1]). The hearing court accepted as credible the testimony by the police detective who applied for the warrant that the Magistrate had asked him if the statements in his affidavit were true. The detective's signature appears next to the jurat. Furthermore, although the Magistrate could not testify as to the particulars of his conversation with the detective, he stated that he would not have issued the warrant unless the detective had signed the affidavit in his presence. Under the circumstances, we agree with the hearing court that there was substantial compliance with CPL 690.35 (1) (see, People v Zimmer, 112 AD2d 500; but see, People v Coburn, 85 Misc 2d 673).

The application for the warrant was based on information provided by two confidential informants and on evidence seized during a warrantless search of a truck the defendant was driving. The hearing court determined that the evidence seized from the truck should be suppressed, but concluded that the information obtained from the informants established that the issuance of the warrant was based on probable cause.

Under the Aguilar-Spinelli rule (Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410), when probable cause for the issuance of a warrant depends on hearsay statements, the police must establish that the informant was reliable and had some basis for the knowledge he transmitted to them (see, People v Bigelow, 66 NY2d 417; People v Burks, 134 AD2d 604). We agree with the finding by the hearing court that the police satisfied this test with respect to the

informant referred to as "C-1" in the warrant application. The detective stated that this informant had furnished reliable information in the past (see, *People v Brown,* 40 NY2d 183). The informant's "basis for knowledge" was established since the information he gave to the police was based on his personal observations of the defendant (see, *People v Burks, supra; People v Griminger,* 127 AD2d 74, *affd* 71 NY2d 635).

We need not reach the issue of whether the police satisfied the *Aguilar-Spinelli* test with respect to a second informant, who essentially corroborated information provided by "C-1", since the information from "C-1" was sufficient to establish probable cause. Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.