**617**

STATE of Missouri,
Plaintiff–Respondent,

v.

Raymond Robert GANNAWAY,
Defendant–Appellant.

No. 16068.

Missouri Court of Appeals,
Southern District,
Division Two.

March 30, 1990.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Dee Wampler, Wampler, Wampler & Catt, Springfield, for defendant-appellant.

PER CURIAM.

A jury found defendant, Raymond Robert Gannaway, guilty of growing and cultivating marijuana. § 195.020 RSMo 1986. In accordance with the verdict, he was sentenced to imprisonment for five years. He states three points on appeal. In view of the issues presented by those points, only a concise statement of the relevant facts is necessary.

An informant reported to Deputy Sheriff Carl D. Wagner that the defendant was growing marijuana at his home. Deputy Sheriff Wagner went to the property adjoining that of the defendant. From that property, Wagner saw a number of marijuana plants growing outside and adjacent to the defendant's mobile home.

Deputy Sheriff Wagner then applied to the associate circuit judge for a warrant to search the defendant's premises for marijuana and objects related to growing marijuana. The application incorporated a typed affidavit reciting the above facts. A search warrant was issued by the associate circuit court, signed by the associate circuit judge. The warrant was executed. Forty-five marijuana plants and various items associated with the cultivation and use of marijuana were seized.

The defendant's motion to suppress the use of this evidence was denied. The evidence seized or photographs thereof were admitted at trial. The defendant's admissions that he was growing marijuana to alleviate chronic pain were also admitted.

■ The defendant's first point is that the trial court erred in admitting the foregoing evidence "because the search warrant under which said items were seized was statutorily defective and the appellant was thereby prejudiced". His second point is that the trial court erred in admitting his

**618**

statements concerning the use of marijuana "because said statements were the fruits of an illegal search and arrest and appellant was thereby prejudiced". The defendant's arguments under these points, see Rule 30.06(d), establish that the two points are based upon the proposition the search warrant was invalid because the application for the warrant was not verified by oath or affirmation of the applicant and the affidavit was not signed by an officer empowered to administer oaths. To establish the illegality of the search warrant and inadmissibility of the seized evidence and statements, the defendant cites the following statutory provision.

"Section 542.276....

10. A search warrant shall be deemed invalid: ...

(2) If it was issued without a written application having been filed and verified; ...."

He also cites and relies upon the following quotation.

"The exception recognized in [*U.S. v.*] *Leon* [468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)] and [*Massachusetts v.*] *Sheppard* [468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984)] applies when the defendant relies on the Fourth Amendment to quash seized evidence. Here we are concerned with a violation of statutes which rendered the warrant invalid. No authority has been cited and we find none to support the application of the 'good faith' exception to excuse a failure to comply with search warrant statutes. We may not ignore the legislative provisions defining an invalid search warrant." *State v. Berkwit*, 689 S.W.2d 763, 766 (Mo.App.1985).

The defendant's first two points have no merit. The following are the facts pertaining to the issuance of the search warrant. Deputy Sheriff Wagner personally appeared before the associate circuit judge. The affidavit was typed and signed by Wagner. The form for the complaint or application for the search warrant was completed and signed by Wagner. The body of the affidavit was followed by:

"Subscribed and sworn to before me the 10th day of August, 1988.

_____
Notary
My commission expires:".

The body of the application was followed by:

"Subscribed and sworn to before me this ____ day of _____, 19__.

_____
Judge of Said Court".

An officer authorized to administer oaths signed neither document.

However, the affidavit commences "I, Carl D. Wagner, being duly sworn upon my oath do hereby state...." The complaint or application commences "Carl D. Wagner, being duly sworn, deposes and states...." The search warrant, signed by the associate circuit judge, commences "Whereas a complaint in writing duly verified by oath, has been filed with the undersigned Judge...." The testimony of Deputy Sheriff Wagner includes the following.

"THE COURT: You appeared before Judge Brown when you signed this, did you, Mr. Wagner?

WITNESS WAGNER: Yes, sir.

THE COURT: And at the time you understood you were sworn?

WITNESS WAGNER: Yes, sir."

As stated, the defendant's two points are based upon the proposition that the search warrant was invalid by reason of the provisions of § 542.276.10(2) because the application was not verified. The defendant argues that the absence of the judge's signature on the application and affidavit causes the warrant to be fatally defective.

The application is in writing as required by the statute. It was signed by Deputy Sheriff Wagner in front of the associate circuit judge. Wagner considered himself to be under oath. It has been held that the verification of a document can be established by means other than the completion of a jurat on the document.

"This Court stated in *Blair v. State*, 55 Okl.Cr. 280, 29 P.2d 998, 999 (1934) (Syllabi No. 1) that:

[T]he jurat is simply evidence of the fact that the affidavit was duly sworn to by the affiant, and, in the event of its omission, the fact that the affidavit was properly sworn to may be proven by other evidence.

This Court held there that the defect was cured when the defendant called affiant and proved that he had sworn to the affidavit." *White v. State,* 702 P.2d 1058, 1061 (Okl.Cr.1985).

Also see *Watson v. State,* 291 Ark. 358, 724 S.W.2d 478 (1987); *People v. Rodriguez,* 150 A.D.2d 622, 541 N.Y.S.2d 491 (1989).

A similar doctrine has been applied to establish the validity of a search warrant when the application or affidavit has not been signed by the applicant or affiant.

"Our sister States who have passed on this identical question have uniformly held in well-reasoned opinions that the actual signature is not essential. *State v. Roubion,* 378 So.2d 411, 413 (La.1979); *Commonwealth v. Young,* 6 Mass.App. 953, 383 N.E.2d 515, 517 (1978); *State v. Higgins,* 266 N.C. 589, 146 S.E.2d 681, 684 (1966); *Huff v. Commonwealth,* 213 Va. 710, 194 S.E.2d 690, 692 (1973).

Nothing in the United States Constitution or the statutes or Constitution of the State of Texas requires an affiant to sign his name to a search warrant affidavit. It is the oath of the affiant that solemnizes his affidavit. If the affiant is sufficiently identified in the body of the affidavit or in the *jurat,* his signature is not necessary to the validity of the affidavit. Custom dictates that the far better practice, of course, is that it be signed by the affiant." *Vance v. State,* 759 S.W.2d 498, 500 (Tex.App.1988) (emphasis in original) (footnote omitted).

It has been further held that verification is established by a recitation in the search warrant that a complaint in writing, duly verified by oath, has been filed. *Reese v. State,* 712 S.W.2d 131 (Tex.Cr.App.1986), overruled on other grounds. Also see *White v. State,* supra; *State v. Journey,* 1 Kan.App.2d 150, 562 P.2d 138 (1977); cf. *State v. Wegrzyn,* 751 S.W.2d 796 (Mo.App.

1988). However, it is not necessary to further consider if the doctrines set forth in those cases establish the search warrant in question was not statutorily invalid.

That search warrant is regular and sufficient on its face. The testimony of Deputy Sheriff Wagner establishes that the seized evidence and admissions were admissible under the "good faith" exception as defined in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The defendant's argument that the good-faith exception is not applicable if the search warrant failed to comply with the statute is, notwithstanding *State v. Berkwit,* supra, unsound. See *State v. Watson,* 715 S.W.2d 277 (Mo.App.1986).

The law of this state was established in *State v. Sweeney,* 701 S.W.2d 420, 426 (Mo. banc 1985):

"Assuming arguendo the warrant might be found to be *invalid under the statute,* the fourth amendment exclusionary rule would not bar the prosecution's introduction of evidence seized by officers who in this case acted in reasonable reliance on a search warrant issued by a detached and neutral judge. *United States v. Leon,* [468 U.S. 897], 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)." (Emphasis added.)

In *State v. Brown,* 708 S.W.2d 140 (Mo. banc 1986), the court, in a succinct discussion of the exclusionary rule, restated the applicable law. The court noted and set forth the provisions of U.S. Const. amend. IV; Mo. Const. art. I, § 15; § 542.276.6(4) and § 542.276.10(5). It then posed the following question.

"Assuming *arguendo* the search warrant was invalid because it was issued without a verified application in proper form, should the items seized pursuant to that arguably invalid warrant have been excluded in the prosecution's case-in-chief?"

The question was answered in the following terms:

"We reject the notion advanced by defendant that an exception-less exclusionary rule is constitutionally or statutorily mandated in Missouri. The exclusionary

rule is no more an express provision of Mo. Const. art. I, § 15, than it is of U.S. Const. amend. IV. Furthermore it is clear that § 542.276.10(2) requires that a search warrant should not issue except upon a verified application or complaint, otherwise it shall be invalid. However, in the case *sub judice* as discussed above the requirements of the statute were met at the time of issuance and *so* determined by the suppression court. Hence this contention of defendant is not well taken. Defendant next in effect argues that we should read § 542.296 to establish a *per se* exclusionary rule, but we do not agree. That statutory section outlines the proper procedures regarding a motion to suppress, *e.g.*, placing the burden upon the state to show by a preponderance of the evidence that the motion to suppress should be overruled, § 542.296.6, and sets forth appropriate grounds upon which to base a motion to suppress, § 542.296.5. We do not read § 542.296.5 so broadly as to preclude us from adopting a good-faith exception to what has heretofore been a judicially created remedy.

Applying the good-faith exception to the present facts, we hold that it was proper to admit items seized pursuant to the instant search warrant, even assuming *arguendo* that it was an invalid warrant...." *Brown* at 145, 146 (footnote omitted).

Even if the application was not verified within the meaning of § 542.276.10(2), the seized evidence was admissible under the doctrine of the good-faith exception. The defendant's first two points are denied.

 The defendant's third point is that the trial court erred when it denied his application for a continuance "to allow appellant to locate and obtain witnesses to testify about appellant's chronic pain because said evidence was relevant and appellant was thereby prejudiced." The determination of whether to grant or deny a motion for continuance is within the discretion of the trial court. *State v. Nave*, 694 S.W.2d 729 (Mo. banc 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986). Among other requirements,

"[a]n application for a continuance on account of the absence of witnesses or their evidence shall show ... the use of diligence to obtain the same...." Rule 24.10(b). The defendant's motion does not do so. The trial court did not abuse its discretion in denying such a motion to bolster an impermissible excuse for growing an illegal drug. The defendant's third point is denied and the judgment is affirmed.

All concur.