■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARGARITA RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered August 3, 1989, convicting her of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly denied that branch of her omnibus motion which was to controvert the search warrant. The affidavit in support of the warrant application recited that the source of the informant's knowledge was his personal observations and that on two prior occasions the informant had furnished information to the police which led to the arrests and seizure of narcotics and illegal handguns. Such an affidavit satisfies the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *see also, People v Collier,* 89 AD2d 1041, 1042; *People v Rodriguez,* 150 AD2d 622; *People v Proctor,* 155 AD2d 624). Moreover, where, because of a factual mistake on the part of the officers who obtain a warrant, the description of the person or things to be seized is overbroad, the validity of the warrant turns on the information available to the

officers at the time they obtained it *(see, Maryland v Garrison,* 480 US 79, 85; *see also, People v Otero,* 177 AD2d 284, 285). On the record before us we conclude that at the time of the issuance of the warrant Officer Griffin was unaware of the circumstances giving rise to the ambiguity or overbreath in the description of the place mentioned therein. Furthermore, we are satisfied that the officer made a diligent attempt to ascertain the number of the target apartment. Thus the warrant was not affected by the subsequent discovery of the fact giving rise to the ambiguity.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive *(see, People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.