(960 P.2d 770)
No. 78,604

ELDON L. MEIGS and REBECCA MEIGS, *Appellants*, v. JOHN V. BLACK and WITHERS INVESTMENT, INC., *Appellees*.

Opinion filed June 26, 1998.

*Alan C. Goering*, of Goering and Slinkard, of Medicine Lodge, for the appellants.

*Eldon L. Meigs*, appellant pro se.

*Bill Hampton, Jr.*, of Hampton & Hampton, of Pratt, for the appellees.

Before LEWIS, P.J., PIERRON, J., and JACK L. BURR, District Judge, assigned.

LEWIS, J.: In 1993, Eldon L. and Rebecca Meigs filed a lawsuit against the defendants, John V. Black and Withers Investment, Inc. This case was never brought to trial but was settled, and the settlement was formalized in a journal entry. The journal entry required the Meigs to build a fence within 60 days of July 10, 1995, along a designated property line.

The Meigs failed to build a fence by the date specified. The defendants instituted indirect contempt proceedings against the

Meigs; only Eldon Meigs was adjudged to be in contempt of court and fined $500, which was to be paid to the defendants. Meigs appeals from that adjudication.

Indirect civil contempt is provided for by K.S.A. 1997 Supp. 20-1204a. In order to institute a proceeding for indirect contempt, a party is required to file "a motion requesting an order to appear and show cause which is accompanied by an *affidavit specifically setting forth the facts constituting the alleged violation.*" (Emphasis added.)

Meigs argues, and we agree, that the defendants' motion seeking to have him held in contempt was not supported by an affidavit as required by statute. The law of this case is that an affidavit and an acknowledgement are not the same, and the moral is that it is important to know the difference between the two.

The motion for contempt under K.S.A. 1997 Supp. 20-1204a is construed strictly against the movant. The procedures prescribed by the statute must be followed. *In re Seelke*, 235 Kan. 468, 470-71, 680 P.2d 288 (1984); *Electronic Realty Assocs., Inc. v. Gomez*, 18 Kan. App. 2d 122, 127, 848 P.2d 458 (1993).

In this case, the motion setting forth the facts of the violation was signed by John V. Black and contains the following acknowledgements:

"STATE OF KANSAS, COUNTY OF PRATT, SS:

"BE IT REMEMBERED THAT ON THIS 22nd day of November, 1995, before me, the undersigned, a Notary Public in and for the County and State aforesaid, came JOHN V. BLACK, who is personally known to me to be the same person who executed the foregoing instrument of writing, and such person acknowledged the execution of the same, as President of Withers Investment, Inc.

"IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal the day and year last above written.

/s/ Debra K. Patterson

NOTARY PUBLIC"

It is perfectly obvious to anyone who knows the difference that this instrument was acknowledged and not sworn to. At no place in the acknowledgement language is there any indication that the affiant was put under oath or that he swore to the truth of the allegations set forth.

The question of whether a document constitutes an affidavit is normally a question of law. *Eveleigh v. Conness*, 261 Kan. 970, 975, 933 P.2d 675 (1997). An affidavit is a written statement, under oath, sworn to or affirmed by the person making it before some person who has the authority to administer an oath or affirmation. *State v. Knight*, 219 Kan. 863, 867, 549 P.2d 1397 (1976). Whether a document is an affidavit depends upon whether the sponsor swore to the contents of the document. *Eveleigh*, 261 Kan. at 981. A document that is simply acknowledged before a notary public is not an oath and does not meet the requirements for an affidavit. 261 Kan. at 978; *Knight*, 219 Kan. at 867.

We agree with the defendants that a document which has no jurat, or certificate that it was sworn to by the person who signed it, may be shown to be an affidavit by other evidence. See *Eveleigh*, 261 Kan. at 979-80; *State v. Journey*, 1 Kan. App. 2d 150, 152, 562 P.2d 138 (1977). This may be an interesting intellectual observation; however, it has nothing to do with this case since the defendants failed to offer any evidence concerning the making of the document, and there is certainly no evidence indicating that the individual who signed the document was placed under oath prior to doing so.

In *Knight*, the Kansas Supreme Court held that an acknowledgement was not a document under oath. "Since it is essential to the validity of an affidavit that it be sworn to or affirmed before some person, the requirements for an affidavit are not met." 219 Kan. at 867. In this case, the defendants' motion lacked an affidavit, the motion was insufficient, and the trial court erred in holding Meigs in indirect contempt.

The defendants have argued that Meigs waived his right to object to the form of the affidavit. We do not agree. Meigs and his attorneys argue there was no proper affidavit supporting the motion and that the court lacked jurisdiction to consider the matter. They stated they did not object to proceeding with the hearing on the merits but were not waiving the jurisdictional defect.

We agree that Meigs did not waive his right to object to the form of the affidavit.

Reversed.