NOT DESIGNATED FOR PUBLICATION

No. 113,384

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Application for Change of Name of
CHRISTOPHER V. STRAITH (DUSTIN J. STRAIT)
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed January 22, 2016. Affirmed.

*Dustin-Christopher Joachim Verlen Strait*, appellant pro se.

*Brenda West Hagerman*, of Larned State Hospital, for appellee.

Before GARDNER, P.J., HILL and POWELL, JJ.

*Per Curiam*: Dustin J. Strait, a resident at Larned State Hospital (LSH) and patient of the Kansas Sexual Predator Treatment Program (SPTP), appeals pro se the district court's refusal to find LSH in contempt for its failure to comply with an ex parte name change order he obtained in 2001. Because we find that Strait failed to follow the proper procedure in attempting to hold LSH in contempt, we affirm the district court.

In March 2001, Strait (then named Christopher V. Straith) was found by the District Court of Brown County, Kansas, to be a sexually violent predator and was subsequently involuntarily committed to the SPTP.

1

On June 5, 2001, Strait filed an ex parte petition to change his name in the Pawnee County District Court. In it, he sought to change his name from "Christopher V. Straith" to "Kristoffer Joachim Verlen Straith" but later amended his petition to change his name to "Dustin-Christopher Joachim Verlen Strait." According to LSH, notice of this petition was not provided to the Kansas Department of Corrections (who maintained supervision of Strait), the Kansas Department for Aging and Disability Services (KDADS), or the staff at LSH who had lawful custody of Strait as a committed sexual predator. Strait maintains he alerted LSH in January 2002.

On September 17, 2001, a district judge signed a document captioned "Notice and Order for Name Change," authorizing the name change of Christopher Verlen Straith to Dustin-Christopher Joachim Verlen Strait. The document further provided that the court would notify the proper agencies of the name change. Neither Strait nor the district court provided LSH with notice of the name change.

On or around February 1, 2010, LSH received legal pleadings unrelated to this appeal from a patient named Dustin J. Strait. In attempting to verify whether this individual was a patient at LSH, clinical information staff confirmed that Christopher V. Straith had changed his name to Dustin J. Strait. Two days later, upon request, the district court provided LSH with a certified copy of the order that had changed Strait's name. That same day, Strait's patient information form at LSH was updated to include an also-known-as (a/k/a) name of Dustin J. Strait in addition to the name he carried when he was committed.

On April 19, 2014, Strait filed a pleading with the district court captioned "Motion for Final Judgment," seeking to compel LSH to comply with his name-change order from 2001. LSH was not provided with notice of Strait's motion. On May 6, 2014, the district court ordered Strait to give notice in writing to all interested parties before a hearing on his motion could be held. On June 4, 2014, Strait again filed a pleading captioned

2

"Motion for Final Judgment" and, once again, LSH was not provided with notice of Strait's submission.

On July 18, 2014, the district court sent an order to KDADS' legal counsel requesting a written response to Strait's submission. KDADS and LSH filed a response, and on November 3, 2014, the district court denied Strait's motion, noting (1) Strait obtained his name change through an ex parte process without providing notice to various Kansas agencies and LSH, (2) Strait was committed as a sexually violent predator and convicted of felonies under the name of Christopher V. Straith, and medical records must refer to Strait under that name as a matter of law, and (3) KDADS and LSH agreed that Strait may refer to himself by any name he wished so long as his medical records at LSH continued to display his commitment name of Christopher V. Straith, in addition to his legal name so as to comply with all legal requirements of his civil commitment. Strait timely appeals the district court's order.

Strait's brief makes a number of rambling arguments without providing any elaboration or support. However, construed liberally, we divine the essence of Strait's argument to be that the district court erred when it ignored the fact that LSH was in indirect contempt of court when it refused to acknowledge his 2001 name change. See *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013) (pro se pleading to be construed liberally). We review de novo whether the alleged conduct is contemptuous. *In re Marriage of Shelhamer*, 50 Kan. App. 2d 152, 154, 323 P.3d 184 (2014).

The district court, in denying Strait's motion, side-stepped the question of whether LSH was in contempt. Instead, the district court made findings suggesting that the original name change order was defective because proper notice had not been given to interested parties and that LSH was compelled by law to utilize the name contained in Strait's convictions and civil commitment. This notwithstanding, we find Strait's

3

contempt action fails because he failed to follow the procedures for an indirect contempt allegation.

For all indirect contempt of court actions, K.S.A. 2014 Supp. 20-1204a provides the required procedure. These statutory procedures must be followed in order to succeed on an allegation of indirect contempt of court. *Meigs v. Black*, 25 Kan. App. 2d 241, 242, 960 P.2d 770 (1998). At no time has Strait complied with any of the legal requirements of K.S.A. 2014 Supp. 20-1204a. Accordingly, the district court did not err in denying Strait's motion.

Affirmed.